ELIZABETHTOWN SHOE COMPANY v. JOHN K. HUGHES.

*Action against Sheriff—Attachment—Compromise—Pleading—Trustee—Acceptance of Trust.*

1.  In an action against a Sheriff for his failure to turn over the proceeds of the sale of goods seized under an attachment which the plaintiff caused to be issued and levied in a suit to set aside an assignment for fraud, the complaint alleged that a compromise was effected whereby the goods were to remain in the possession of the defendant (Sheriff) subject to the levy and were to be sold by the trustee of the debtors as agent for the defendant, and the proceeds to be applied on the plaintiff's claim; that after paying over a part of the proceeds to plaintiff, defendant refused to apply other proceeds and turned over to assignor firm goods of a value in excess of balance due plaintiff under the compromise. *Held*, on demurrer, that neither the assignors nor the assignee were necessary parties to the action since they were merely agents of the defendant sheriff.

2.  In such case the fact that the attachment suit against the debtors was still pending, was no defence to the defendant sheriff since he was not a party thereto ; nor was it necessary for the plaintiff to allege that the assignors were entitled to their personal property exemptions since that fact was.a matter of defence.

3.  It is not necessary that a trustee shall sign an instrument conferring a trust upon him ; if he takes possession of the property to which it relates and acts under it, such conduct is equivalent to an acceptance signified by his signature.

CIVIL ACTION, heard on *demurrer* to the complaint before *Hoke, J.*, at Fall Term, 1894, of ORANGE Superior Court. From a judgment overruling the *demurrer* the defendant appealed. The facts appear in the opinion of FURCHES, J.

*Messrs. Shepherd, Manning & Foushee* and *C. D. Turner*, for plaintiff.

*Messrs. J. W. Graham* and *P. C. Graham*, for defendant (appellant).

FURCHES, J.: This action comes before us upon complaint and demurrer. It appears that certain parties doing business under the firm name of Ellen, Koplon & Bro., in the month of June, 1893, made a deed of assignment for the benefit of their creditors, in which they preferred Lena Ellen, wife of Isaac Ellen, (one of the partners) to a large amount. That sometime thereafter plaintiffs commenced an action to set aside the deed of assignment for fraud, in which they had the goods named in said deed of assignment attached, and the members of the firm, Ellen, Koplon & Bro., arrested. That defendant, being the Sheriff of Orange county, acted as the officer in making these arrests and in serving said attachments.

Under this state of affairs, the parties by their attorneys came to terms of compromise, in which it was agreed that the defendant should be discharged from custody and that no sale should be made under said attachments, and that plaintiff would accept 33⅓ cents on the $1.00 in satisfaction of their debts, which they say, thus reduced, amounted to $1,051.60. And in consideration of these concessions on the part of plaintiffs, it was agreed on the part of defendants (Ellen, Koplon & Bro.,) that the lien of the attachment should continue, and that T. A. Faucett, the assignee named in the deed of assignment, should continue to sell

said goods as the *agent* of the defendant Hughes, accounting to Hughes for the goods sold, and the defendant was to apply the money thus raised to the payment of plaintiffs' claims, as reduced by the terms of said compromise. That under this arrangement, defendants (the firm of Ellen, Koplon & Bro.,) Faucett and the defendant sold goods and defendant paid plaintiffs $200, reducing their claim to the sum of $851.60. Plaintiffs further allege that under this arrangement, the goods belonging to the firm of Ellen, Koplon & Bro., to the amount of $3,158.03, went into the possession of the defendant, and in addition to the goods above mentioned, on January 1, 1894, the firm of Ellen, Koplon & Bro., moved goods they had in Rockingham to Hillsboro, to the amount of $1,500, and turned them over to the defendant Hughes, to be sold by him and applied to the payment of plaintiffs' claim. And that defendant accepted them for that purpose and put them in the store with the other goods. Plaintiffs further allege that, on the 27th of January, 1894, all these goods were burned and destroyed, except $1,100 worth. And they further allege that besides the $200 which the defendant paid to them under the terms of the compromise, he collected $700, which should be paid to them; but that he refuses to pay this to them, or to sell the $1,100 worth of goods left from the fire, and pay their debt out of this. And instead of doing so, he has turned them over to the members of the firm of Ellen, Koplon & Bro. Wherefore, they ask for judgment, &c.

To this complaint the defendant demurs: First, upon the ground that there is a defect in the parties—that the members of the firm of Ellen, Koplon & Bro., and T. A. Faucett should have been made parties. Second, That the actions referred to in said agreement (exhibit "B") are still pending. Third, That the complaint does not state facts sufficient to constitute a cause of action.

1. That it was not shown that it was the duty of defend-ant to insure the goods.

2 That complaint does not show that the members of the firm of Ellen, Koplon & Bro., were not entitled to the $1,100 as their exemptions.

3. That defendant was not a party to the agreement (the compromise and assignment above mentioned).

We do not think the demurrer can be sustained. We do not think the members of the firm of Ellen, Koplon & Bro. or Faucett are necessary parties. The goods were not in their hands, except as the agents and employees of defendant. He was to control the matter, to receive the money, and to pay it to plaintiffs. Indeed it seems from the complaint that the goods were in the possession of the defendant. And in considering this appeal we are bound by the allegations of the complaint whether they are in fact true or not, as the legal effect of the defendant's demurrer is to admit them to be true. It cannot be sustained upon the second ground assigned,

First, For the reason that defendant is not a party to the "actions referred to" in the complaint. *Woody* v. *Jordan,* 69 N. C., 189; second, That this defence could only be taken advantage of by a plea in abatement and not by demurrer. *Woody* v. *Jordan, supra.* It cannot be sustained upon the third ground, as it seems clear to us that plaintiffs have set up a cause of action. They allege that the firm of Ellen, Koplon & Bro. owed them $1,051.60; that this firm put $4,500 worth of property in the hands of the defendant to pay them; that defendant accepted this property under this trust and paid them $200, reducing their debt to $851.60. And that although there has been a loss by fire, about which there might be some question as to defendant's liability, besides this, he has $700 in

money collected and $1,100 worth of the goods saved from the fire. In other words, he has $1,800 or $2,000, out of which he should pay plaintiffs the $851.60 due them.

But it is said in the demurrer that plaintiffs do not allege that the members of the firm of Ellen, Koplon & Bro. are not entitled to this fund as their personal property exemption and plaintiffs are not entitled to recover on that account. We do not think it was necessary that plaintiffs should allege this in their complaint, and whatever might be the result if defendant had answered and set up this defence, is not now before us for our determination. But we do say that it is not such a defence as a trustee can make by way of demurrer against an action by his *cestui que trust* for withholding funds in his hands, as such trustee. It was not necessary that defendant should have signed the instrument of July, 1893, making him the trustee and placing the goods in his hands. His signature at most would have only amounted to an acceptance of the trust. And this was afterwards signified by his accepting the trust and acting under it, as he did.

We leave out of consideration the matter of insurance. The complaint is good without. There is no error in the judgment appealed from.

Affirmed.