## J. C. BOWEN v. SOLOMON WHITAKER.

### *Issues.*

1. The requirements of the statute in regard to submitting distinct issues in writing to the jury is mandatory, and where it does not appear from the record what issues were submitted, but it is stated in general terms that all the issues were found in favor of the plaintiff, a new trial will be granted.
2. Under sec. 395 of *The Code*, if the issues are not prepared by the attorneys, it is the duty of the judge who tries the case to do so.

CIVIL ACTION, tried before *Shipp, Judge,* and a jury, at Fall Term, 1884, of HENDERSON Superior Court.

It appears in the record that no distinct issues were eliminated and submitted to the jury, but only "that the jury find all issues in favor of the plaintiff, and assess his damages at $250."

There was a judgment for the plaintiff on this verdict, and the defendant appealed.

*Mr. Armistead Jones,* for the plaintiff.
*Mr. James D. Osborne,* for the defendant.

MERRIMON, J. It must be obvious to every intelligent lawyer that it is of great importance that the issues of fact raised by the pleadings in an action at law shall be thoroughly and accurately tried. It is quite as manifest that this cannot be done unless the issues shall be presented distinctly and with precision. This is especially necessary where the issues are to be tried by a jury. Juries are generally composed of plain, sensible, intelligent men, unaccustomed to draw nice distinctions in the course of the investigation of facts, or to keep in their minds clear and steady perceptions of issues stated to them orally. They need, and it is essential to place before their minds, the issues in such manner and shape as that they can see them clearly and hold them strongly and steadily, while they hear, weigh, and apply the evidence, and until they render their verdict upon them. The

law contemplates that this shall be done, and it is essential to the intelligent administration of public justice.   It is often-times a solemn pretence to submit to the ordinary jury issues of fact stated to them orally, sometimes vaguely, by the presiding judge!

The verdict, in such cases, is frequently not an intelligent, satisfactory finding of fact; it is but the merest conjecture as to the true state of the facts.  The spirit of the law is, that every authorized facility shall be afforded to reach the truth and justice, through the system of trial by jury.

One of the chief virtues of the common law method of procedure was, that the pleadings necessarily presented the issue of fact clearly, distinctly and within so narrow a compass, as that the plain minds of jurors could lay hold of it at once with firm and intelligent grasp.

This is not so under The Code method of procedure.   This is more, though not altogether, like that which prevailed in courts of equity.   The constitutive facts are embodied in an orderly method in the complaint or other pleading, often-times presenting a variety of isssues plainly perceivable, if the pleading is good, by the legal mind, but they require to be drawn out by, and put in simple, intelligible language and shape, to be submitted to the jury.   When this is not done, the trial by jury must be shorn in a large degree of its usefulness and efficacy, a result not to be tolerated, much less encouraged by the courts, especially in view of the present stringent statutory provisions in this respect, to which reference will presently be made.

The Code of Civil Procedure, as at first adopted in this State, provided for the trial of issues of fact by jury, but it did not specify the particular manner of making them up and submitting them.   (*C. C. P.*, §§219 to 240; *Bat. Rev.*, ch. 17, pp. 192 to 198).   This gave rise at once to confusion and much dissatisfaction in the practice of the law.   This Court recognized the evil, and acting upon its authority to prescribe rules of practice for the Superior Courts, prescribed rules III, IV and V, adopted at June Term, 1871, and reported in 65 N. C., 705.   These

rules directed how and at what time issues of fact should be drawn up. They were, however, construed to be only directory, unless strictly insisted upon in apt time. The result was, that in the hurry and carelessness of practice, that too much prevailed, they came to be much neglected, and, as a consequence, verdicts became unsatisfactory, and this Court very often found much difficulty in ascertaining from the records what had or had not been settled by the findings of the jury, especially where several issues of fact had been submitted.

To cure this severely felt evil, it has been provided by *The Code,* §395, that "The issues arising upon the pleadings, material to be tried, *shall* be made up by the attorneys appearing in the action, and reduced to writing, or by the judge presiding, before or during the trial;" and, further, by section 396, that "Issues shall be framed in concise and direct terms; and prolixity and confusion must be avoided by not having too many issues."

It will be observed, that the language of these provisions is strong and mandatory; they require that the issues of fact "shall be made up," and "shall be framed," &c. They are mandatory. The rules of this Court that preceded them were directory, and the consequent evil to which we have adverted prevailed. The purpose of the statute is to cure that evil and establish a better procedure in the respect referred to. There is, therefore, nothing left to construction. The statute must have its full force and effect.

It follows, that the trial by jury of issues of fact in the action, not reduced to writing substantially as required by the statute just cited, is irregular and fatally defective, if the party complaining shall except to it on that account. The issues must be framed and reduced to writing.

Now, applying what we have said to the case before us, we are of opinion that the appellant is entitled to a *venire de novo.* It does not appear from the record what issues were submitted to the jury—it is stated in general terms that all the issues were found by the jury in favor of the plaintiff. They do not appear

to have been framed or given any definite shape, and they were not reduced to writing at all. The requirement of the statute was wholly neglected. The case upon appeal states :

"There were no issues prepared by the counsel on either side, and none offered to "the Court. When the counsel for the defendant commenced his address to the jury in reply to one of the plaintiff's counsel, he asked the Court if he (the Court) had prepared the issues? The Court answered in the negative, and remarked that it was supposed to be the duty of counsel to tender issues, and for the Court to settle them in case of disagreement. That such was understood to be the rule of practice."

This cannot be treated as dispensing with a due observance of the statute. It was the duty of the Court to see that the trial proceeded according to its mandatory requirements; having authority, it should have required the counsel to frame the issues and reduce them to writing. or, for any cause, failing to do this, "the Judge presiding," should have done so "before or during the trial." It seems that the learned Judge who presided at the trial, did not note that the statute has superseded the rules of court, under which the practice prevailed as he stated it. That is not the present rule of practice.

It is not sufficient to say that the appellant did not propose proper issues, or that he must be taken to have waived them. It does not appear that he did waive them—it certainly does not appear affirmatively that he did so—indeed it seems that he did not. But it appearing to the Court that the pleadings raised issues of fact that have not been tried according to law, the Court could not give judgment, certainly while the appellant was present objecting. It cannot be seen that a jury was empaneled and made a finding upon the evidence submitted to them; they must have rendered a verdict upon issues properly formed in writing submitted to them. This the statute requires, and this is essential to an intelligent apprehension of the merits of the case in the Superior Court, and as well upon appeal in this court.

The findings of the jury cannot be treated as a special verdict. They were not instructed to find such verdict, nor do they purport to have done so, nor are the facts found; the finding was general, and the record fails to show what was found, with any degree of certainty.

There is error, for which there must be a *venire de novo.* To that end let this opinion be certified to the Superior Court according to law.

*Venire de Novo.*