W. T. BRASWELL v. W. H. JOHNSTON Executor of NORFLEET CUTCHIN.

*Issues—Pleading.*

1. When issues of fact are raised by the pleadings it is error to submit only the question whether the plaintiff is entitled to recover; that is a question of law arising after verdict and addressed solely to the Court.

2. The rules laid down for framing issues in *Emry* v. *Railroad*, 102 N. C., 109, and *McAdoo* v. *Railroad*, 105 N. C., 140, discussed and approved.

This was a CIVIL ACTION, tried at Fall Term, 1890, of the Superior Court of EDGECOMBE County, *Whitaker, J.,* presiding.

Material facts were stated in the complaint and controverted in the answer, and a number of issues involving those questions were tendered. The Judge submitted only the single issue, "How much, if any, is the plaintiff entitled to recover?"

*Mr. J. L. Bridgers,* for plaintiff.
*Mr. G. M. T. Fountain* (by brief), for defendant.

AVERY, J.—after stating the facts: " Issues arise upon the pleadings when a *material fact* or conclusion of law is maintained by the one party and controverted by the other." *The Code*, § 391. " An issue of fact arises (1) upon a material allegation in the complaint controverted by answer; or (2) upon new matter in the answer controverted by the reply; or (3) upon new matter in the reply except an issue of law is joined thereon." *The Code*, § 393.

Instead of the issues tendered by the defendant and involving the question whether the contract was an entire one, the Court submitted only the following: " How much, if anything, is the plaintiff entitled to recover?"

It is settled that the requirement of the statute that an issue or issues must be submitted is mandatory. *Denmark* v. *Railroad*, 107 N. C., 185. The Judge who tries the case may, in his discretion, confine the inquiry to one or more of the issues raised by the pleadings, provided that he does not thereby deprive a party of the opportunity to present the law arising out of some view of the testimony to the jury through the medium of an issue submitted, and provided a judgment can be predicated upon the finding—though in the exercise of this power by the Judge, it should be borne in mind that *The Code* system contemplates distinct findings upon material issues and these should be submitted where it can be done without repetition or confusion. *Emry* v. *Railroad*, 102 N. C., 209. It is not necessary that the language of the pleadings should be incorporated in the issues, or that it should be clearly followed in drawing them. While it is not error, for instance, to submit only an issue involving the question whether a plaintiff has been injured and has sustained damage through the negligence of a defendant, even where contributory negligence is set up in the answer as a defence, and where the testimony also raises the further question whether, notwithstanding the negligence of the plaintiff, the defendant might by ordinary care have

avoided the injury. *McAdoo* v. *Railroad,* 105 N. C., 140; *Lay* v. *Railroad* 106 N. C., 410; *Bonds* v. *Smith,* 106 N. C., 564; *Boyer* v. *Teague,* 106 N. C., 633. The issue as to contributory negligence is required by statute to be raised by the pleadings, where that defence is relied upon. The other issue, involving the doctrine laid down in *Davies* v. *Mann,* is not usually raised directly by any specific pleading. But it is left to the sound discretion of the trial Judge to determine whether he will submit both, when the testimony suggests that course, or only an issue in terms involving the question of the defendant's negligence, and by instruction point out to the jury how the law governing the whole of the evidence may be applied in passing upon it *Meredith* v. *Coal & Iron Co.,* 99 N. C., 576; *McDonald* v. *Carson,* 94 N. C., 497; *Scott* v. *Railroad,* 96 N. C., 428; *Kirk* v. *Railroad,* 97 N C., 82

On the other hand, in *Denmark* v. *Railroad, supra,* this Court held that the enquiry, "What damage is the plaintiff entitled to recover?" was not an issue. In *Bowen* v. *Whitaker,* 92 N. C., 369, it was held to be error, where issues of fact were raised by the pleadings, to enter as the verdict of the jury that "they find all issues of fact in favor of plaintiff and assess his damages" at a sum mentioned.

In the case last cited the verdict was set aside because it was a finding in gross of all issues raised by pleadings, instead of a response to some issue arising out of facts controverted in the pleadings. The issue submitted in this case goes a step further, and leaves the jury to determine, first, the question of law whether the plaintiff is entitled to recover at all; and second, to assess the damages, as was done in *Denmark* v. *Railroad, supra.* It is the province of the Court to say, upon the facts found, whether the plaintiff shall recover or the defendant shall go without day. Instead of passing upon some "material allegation of the complaint controverted by the answer," the jury are asked whether they will

return a *verdict* of " *quod recuperit*," and if so, what damages will be allowed.

In *Denmark* v. *Railroad, supra,* we held that where issues of fact are raised by the pleadings and tendered by one of the parties to the action it was error to confine the jury to an inquiry as to damages.  The rule announced in *Emry* v. *Railroad, supra,* allowed the presiding Judge to exercise his discretion, subject to certain restrictions, as to the necessity or propriety of submitting one or more of the issues raised. It could not have been intended by the framers of the law, nor has it been suggested by this Court, that it would be a sufficient compliance with the mandatory requirement of *The Code* to submit, not an issue growing out of a denial in the answer, but the question of law, which it is the exclusive province of the Judge to decide, and which is not addressed to him till the facts are found.  That question is, whether upon the ascertained facts, the plaintiff is entitled to judgment " *quod recuperit*," or the defendant to judgment that he go without day.

There is error, for which a new trial will be grante!.