ELIZABETHTON SHOE COMPANY v. JOHN K. HUGHES,
Sheriff of Orange County.

(Decided March 15, 1898).

*Action against Sheriff—Personal Property Exemptions
—Assignment—Trial—Issues.*

1. Where a firm made an assignment for benefit of creditors, reserving
their personal property exemptions, and after a suit was begun to
set aside the deed as fraudulent and the stock had been seized by
the Sheriff and the partners arrested, a new assignment, without
reservation of exemptions, was made to the same trustee, which
provided that the attacking creditors should accept 33⅓ per cent of
their claims in full satisfaction and discharge the warrants of
arrest against the partners and that the assignee should sell the
goods as the agent of the Sheriff to whom he should account, and
that the money should be applied by the Sheriff in a manner en-
tirely different from the mode prescribed in the original assign-
ment; *Held,* that the partners were not entitled to personal
property exemptions because of the reservation in the first assign-
ment notwithstanding the second assignment stated, that the
trustee should proceed to sell the property as provided in the
first assignment.

2. Where, upon the seizure by a Sheriff of a stock of goods attached in
the hands of a trustee in a suit by creditors to set aside a deed of
assignment as fraudulent, a new assignment, without reservation
of exemptions, was made to the same trustee· providing that the
latter should sell the goods as agent of H, who was Sheriff and ac-
count to him for the money which should be applied by H in a
manner specified, and no judgment was taken against the
assignors; *Held,* that H did not act as sheriff and hence had no
right to assign to the partners personal property exemptions re-
served in the original assignment.

2. In the trial of an action only such issues should be submitted as arise
out of the pleadings and as will plainly and intelligibly present to
the jury the contentions of the parties.

CIVIL ACTION tried before *Allen, J.,* and a jury at
May Term, 1897, of ORANGE Superior Court. The facts
appear in the opinion and in the report of the case be-

tween the same parties as contained in 116 N. C., 426. There was a verdict followed by a judgment for the defendant and the plaintiff appealed.

*Messrs. Manning & Foushee* and *C. D. Turner*, for plaintiff (appellant).

*Messrs. Graham & Graham* and *S. M. Gattis*, for defendant.

FURCHES, J.: This case has been here before and is reported in 116 N. C., 426. When it was here before it stood on complaint and demurrer. Since then an answer has been filed, and the case was tried on complaint, answer, evidence and issues to the jury. The case now presented differs somewhat from the case when here before. But, upon examination of the case as now presented, we find that almost every material allegation presented in this appeal was passed upon in the former opinion.

The record contains quite a number of errors, but we only propose to notice such of them as seem to be necessary for the guidance of the Court, when tried again.

If the agreement of July 1, 1893. is an appropriation of the goods therein named to the payment of the debts therein named, to the amount therein agreed to be paid, it must follow that Ellen, Koplon & Co. were not entitled to any personal property exemption out of that property until said debts were paid, unless their right to the same comes from some other agreement or trust, as no reservation is contained in the contract of July 1st, 1893. We do not understand the defendant to contest this proposition. But he contends that the firm of Ellen, Koplon & Co.. made an assignment of this property to T. A. Faucett on the 23rd of June, 1893, in which they

reserved their personal property exemptions, and that the exemptions allowed them were made under this deed to Faucett.    This cannot be so.

After the execution of the assignment to Faucett the plaintiff commenced an action against Ellen and the Koplons to set aside the Faucett deed for fraud, and upon allegations of fraud had these parties arrested. This being so, Ellen, Koplon & Co., and Faucett, trustee, and the creditors (plaintiffs in the action of fraud) made and entered into the new assignment of July the first.    This assignment provided that Faucett, who was then in the possession of the goods under the former assignment, should sell the goods not as trustee but as agent of the defendant Hughes, to whom he should account and pay over the money; and that the proceeds of these sales should be applied by the defendant Hughes to the debts due the plaintiff creditors, until 33⅓ per cent of their debts should be paid, and then the balance of plaintiffs' debts were to be assigned for the benefit of Ellen, Koplon & Co., as their attorney should direct. It is true that the assignment of July 1st says that Faucett, trustee, shall proceed to sell the goods as provided in the trust.    But he is to pay the proceeds to the defendant as is provided in the assgnment of July 1st, which is entirely different from the application provided for in the assignment of June 23rd.    In the assignment of June 33rd to Faucett, he was to reserve $60, then to pay Graham, attorney, $50, then he was to pay Lena Ellen, wife of one of the members of the firm, $8,000; and, after these parties were paid, the other creditors of the firm were to be paid *pro rata.* As the consideration of the new assignment of July 1st, the plaintiffs agreed to take 33⅓ per cent on their debts in full satisfaction, and to discharge the warrants of

arrest against Ellen and the Koplons. This makes it manifest that the goods were being sold under the assignment of July 1st and not under that of June 23rd. If they were to be sold under the assignment of June 23rd, then there was no need of the assignment of July 1st.

The erroneous claim of the defendant that he was acting as Sheriff leads him into other errors, as will appear. If the assignment of June 23rd was still in force, there was nothing to levy the attachments on that defendant claims to have acted under. As everything had been assigned to Faucett and belonged to him as trustee, except the personal property exemptions, and no attachment could be levied on them, so it is out of the question to say the defendant was acting as an officer. If Ellen and the Koplons were entitled to these exemptions by virtue of the reservation in the assignment to Faucett, it was his (Faucett's) duty to have them assigned, and not that of the defendant. There was no judgment, and no executions ever had on the the claims against the assignor. There being no such judgments or executions, there could be none in the defendants' hands. And he had no right to assign to these parties personal property exemptions, as Sheriff.

This assignment of July 1st took the place of the assignment of June 23rd, by the agreement of all the parties, Ellen, the Koplons, and Faucett, trustee, who was a party to the same. This was an appropriation of these goods in the hands of the defendant to the payment of the debts therein named, in which no personal property exemptions were reserved, and they were entitled to none.

But the defendant contended that the horses and wagons, and a part of the goods (that part brought from

Rockingham) were no part of the goods entrusted to the defendant for the payment of the plaintiff's debts; while the plaintiff claims that they were, and offered evidence tending to show that they were. These were important contentions that should have been determined by proper issues found by the jury under proper instructions from the Court. But this was not done.

There are quite a number of decisions of this Court as to what are proper issues. There has been no positive rule laid down, nor can there be. The most that can be done is to prescribe general rules by which the trial judge should be governed. It has been said that if the party excepting could present every phase of his contention arising out of the pleadings, that is sufficient. This is very broad but, if faithfully and intelligently observed by the trial Judge, it will most generally be sufficient. But the trial Judge should keep it in mind that the very object of submitting *written issues* to the jury is that they should find the *facts* and then the Court would apply the law. It was found by experience that the old mode of submitting but one issue to the jury, where there were several *issues* of fact raised by the pleadings, was not satisfactory. The old mode of *one issue*, which means to find for the plaintiff or for the defendant, gave rise in many cases to what were called vicious verdicts. If it could be so, the jury ought to find the *issues* submitted to them without knowing whether their findings were for the plaintiff or the defendant.

As to what issues shall be submitted must depend upon the careful and intelligent consideration of the trial Judge. There should never be an issue submitted as to a *question* of fact as distinguished from an *issue* of fact. There should only be such issues of fact sub-

mitted, as arise out of the pleadings. There should not be too many issues submitted as this tends to confuse the jury. But there should always be such issues submitted as will plainly and intelligibly present to the jury the contentions of the parties. This has not been done in this case. The single issue, "Is the defendant indebted to the plaintiffs, and, if so, in what amount?" did not properly present the contentions of the parties, and plaintiff's exception is sustained. There is error.               New trial.