NEY McNEELEY, Trustee, v. W. H. MILES SHOE COMPANY.

(Filed 1 December, 1915.)

**1. Bankruptcy—Unlawful Preference—Insolvency—Issues.**

To constitute an unlawful preference given to a creditor under the bankrupt act, it requires that the bankrupt be insolvent at the time the preference was given; that it was given within four months before the filing of the petition in bankruptcy, and that the person receiving such preference shall have had reasonable cause to believe that a preference was intended; and while, in a trustee's action to establish that such preference had been given by the bankrupt to one of his creditors, it is better for the court to submit a separate issue as to the insolvency of the bankrupt at the time of the alleged transaction, it is *held*, in this case, that the jury's answer to the issue submitted is determinative of the controversy in all of its essential elements, under a clear and comprehensive charge of the court.

**2. Bankruptcy—Burden of Proof—Unlawful Preference—Insolvency—Partnership.**

The trustee in bankruptcy has the burden of proving that a transaction between the bankrupt and his creditor was an unlawful preference under the act, not that there was an intent to defraud, but an intent to prefer; and where the bankrupts are partners in business the bankruptcy of one at the time of the transaction is not sufficient, for, as each partner is liable for the firm's debts, the insolvency of all must be shown.

**3. Bankruptcy — Unlawful Preference—Insolvency—Imputed Knowledge — Inquiry.**

It is not necessary that a creditor dealing with the bankrupt should have known of his insolvency at the time of receiving a preference, for it is sufficient if he knew of such facts which would have put a reasonably prudent man upon inquiry which would have revealed to him that the transfer by the bankrupt was unlawfully preferable in its effect.

**4. Issues Tendered—Duty of Counsel—Issues Submitted—Sufficiency.**

> Counsel should prepare such issues as he thinks arise from the pleadings and are proper to be submitted, and he may not object to those prepared and submitted by the court, when they are sufficient, under his charge, to a proper determination by the jury of all the matters relative to the inquiry.

APPEAL by defendant from *Devin, J.,* at May Term, 1915, of UNION. Civil action tried upon this issue:

1. Did the defendant, at the time it received the check or shoes, or both, have reasonable cause to believe that it was intended thereby to give a preference? Answer: As to the $100 cash payment, No. As to the $582, Yes.

From the judgment rendered defendant appealed.

*W. B. Love for plaintiff.*
*McNinch & Justice for defendant.*

BROWN, J. Plaintiff, as trustee in bankruptcy of the Smith-Roberts Company, a partnership composed of Jacob Smith and J. W. Roberts, sues to recover the value of certain shoes delivered to defendant by the bankrupts and constituting an unlawful preference within the terms of the bankrupt law.

The act of Congress, known as the Bankrupt Law, among other things, provides as follows: "That a person shall be deemed to have given a preference if, being insolvent, he has within four months before the filing of the petition, or after filing the petition, and before the adjudication, suffered or let a judgment be entered against him, or made a transfer of any of his property, and the effect of the enforcement of such transfer will be to enable any one of his creditors to obtain a greater percentage of his debt than any other such creditors of the same class. If a bankrupt shall have given a preference and the person receiving it or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe it was intended thereby to give a preference, such shall be void by the trustee, and he may recover the sum of such preference."

It is admitted that the Smith-Roberts Company, Jacob Smith and J. W. Roberts, were duly adjudged bankrupts, and that the plaintiff was elected trustee of their estates. It is also admitted that the $100 was paid and the shoes turned over to the defendant within four months prior to the adjudication. It is also admitted that the value of the shoes is $582.

The first assignment of error is to the failure of the court to submit an issue as to the insolvency of the bankrupts at the time of the alleged preference. We do not think the failure to submit such issue constitutes reversible error, although it would have been better to have submitted a separate and distinct issue as to insolvency.

There are three essential elements necessary to constitute an unlawful preference: (1) the insolvency of the bankrupts at the time the preference is given; (2) that it shall be given within four months before the filing of the petition in bankruptcy; and (3) that the person receiving such preference shall have had reasonable cause to believe that a preference was intended.

The second essential is admitted, and we think the first and third essentials fully covered by the charge of the court, which was as follows:

"It is admitted here that the payment of the $100 in cash and the transfer of the shoes both took place within four months before the filing of the petition in bankruptcy, so that if you find from the evidence that at the time of such transfers, that is, the payment of the $100 in cash and the transfer of the shoes, the Smith-Roberts Company and Jacob Smith and J. W. Roberts were insolvent, and you further find that the effect of such transfer was to enable the Miles Shoe Company to obtain a greater percentage of its debt than any other creditor, then you will direct your inquiry to the issue which is submitted to you, 'Did the defendant at the time it received the cash or shoes, or both, have reasonable cause to believe that it was intended thereby to give a preference?' "

After charging the jury that the burden of proof was on the plaintiff, the court said: "It is not necessary, in order to answer this issue in the affirmative, that you find there was an intent to defraud the creditors, but an intent to prefer and constitute a preference. Mere knowledge on the part of the creditor that the debtor could not pay all his debts unless he could collect his accounts would not be sufficient, but it would be necessary not only to appear that the firm, but each individual composing the firm, was insolvent, because each individual would be liable for the debts."

Again: "If the creditor knew facts which would put a reasonably prudent man on inquiry, and that such inquiry would have shown that the transfer was preferable in its effect; that the debtor was insolvent and the transfer was to give greater percentage to one creditor over another, it would be a preference."

In this case, defendant tendered no issue and did not except to the one submitted. It is the duty of counsel to prepare and submit such issues as he thinks arise from the pleadings, and if he fails to do so, then it becomes the duty of the court to prepare and submit the issues. The court having submitted the issue and the defendant having failed to except to same, then he consents to the issue submitted, and cannot, after the case is disposed of, be heard to complain that other issues were not submitted. Where counsel does not tender such issues as he may desire in the court below and show their pertinency, he cannot complain here that those issues were not framed by the court and submitted on

the trial. *Curtis v. Cash,* 84 N. C., 41; *Kidder v. McIlhenny,* 81 N. C., 123.

The issue submitted, taken in connection with the explicit instruction of the court, as answered by the jury, determines the question of insolvency as clearly as if a separate issue had been submitted. Every phase of the case was presented for the determination of the jury under the one issue submitted, and if one issue fulfills the purpose of affording a fair opportunity to each party of developing his case, it is sufficient. *Wilson v. Taylor,* 154 N. C., 211; *Zollicoffer v. Zollicoffer,* 168 N. C., 330.

The remaining assignments of error are directed to the charge of the court and need not be discussed. The charge as a whole is a very lucid and correct presentation of the case. The entire evidence fully justifies the finding of the jury that there was an unlawful preference, and that defendants had reason to know it.

No error.