L. TAYLOR ET AL. v. H. F. LEE ET AL.

(Filed 12 March, 1924.)

**Statute of Frauds—Promise to Answer for Debt of Another—Evidence—
    Motions—Nonsuit—Questions for Jury.**

It does not require a writing within the statute of frauds to answer for
the debt, default, or miscarriage of another (C. S., 987), where the prom-
issor directly assumes the debt or has a pecuniary interest therein; and
where a landlord has obtained supplies to be furnished to his tenant
within the coming crop year, upon his promise to see that the tenant pay
for them, it is sufficient to deny the promissor's motion to nonsuit in an
action against him by the furnisher of the supplies to recover for their
payment.

APPEAL by defendant, H. F. Lee, from *Grady, J.,* at September Term,
1923, of DUPLIN.

Civil action tried upon the following issues:

"1. Did the defendant H. F. Lee promise and agree to become bound
to the plaintiffs for supplies furnished to B. D. Parker during the year
1920, as alleged in the complaint? A. Yes.

"2. If so, in what amount is the defendant Lee indebted to the plain-
tiffs by reason of said contract? A. $1,552.60 and interest.

"3. In what amount is the defendant Parker indebted to the plain-
tiffs for supplies furnished him during the year 1920? A. $1,552.60
and interest."

From a judgment of $1,552.60, rendered jointly and severally against
the two defendants, the defendant H. F. Lee appeals.

*Langston, Allen & Taylor and R. D. Johnson for plaintiffs.*
*Stevens, Beasley & Stevens for defendant.*

STACY, J. Appellant's chief exception, as stressed on the argument
and in his brief, is the one addressed to the refusal of the court to
grant his motion for judgment as of nonsuit, made first at the close
of plaintiffs' evidence and renewed at the close of all the evidence, and
based upon the ground that appellant's special promise to plaintiff,
which was not in writing, was to answer for the debt, default or mis-
carriage of his codefendant Parker, and was therefore void under the
statute of frauds. C. S., 987.

It was in evidence that the defendants, Lee and Parker, landlord and
tenant respectively, went to the plaintiffs' store and made arrangements
with them whereby the plaintiffs were to furnish the defendant Parker
with certain supplies during the year 1920. Plaintiffs understood that
Lee was to be responsible for whatever Parker bought. He said to

the plaintiffs: "Mr. Parker will be on our land this year and you sell him anything he wants and I will see it paid." Almost this identical language was held in *Whitehurst v. Padgett,* 157 N. C., 424, to be sufficient to warrant a finding that the promise was an original one and not within the statute of frauds, if made at the time or before the debt was created, upon sufficient consideration, and credit was given thereon solely to the promissor or to both promissors as principals, or if the promise were based upon a new consideration of benefit or harm passing between the promissor and the creditor, or if the promise were for the benefit of the promissor and he had a personal, immediate and pecuniary interest in the transaction in which a third party was the original obligor. See *Peele v. Powell,* 156 N. C., 553, and cases there cited.

In the instant case there was no exception to the charge, and we think the case was properly submitted to the jury. The verdict as rendered was warranted by the evidence.

No error.