## U. W. TARKINGTON v. R. H. CRIFFIELD, NATHAN ARTHUR AND CHARLES EVANS.

(Filed 10 September, 1924.)

**1. Statute of Frauds — Promise to Answer for Debt of Another— Evidence—Trials.**

A promise to become personally responsible for the debt of another, does not fall within the intent and meaning of the Statute of Frauds, and is not required to be in writing, etc.

**2. Instructions—Appeal and Error—New Trials.**

In an action to recover on the defendant's promise to pay the debt of another, when the full amount thereof is uncertain, it is reversible error for the trial judge to instruct the jury in effect to answer the issue in a certain amount for plaintiff, should they find from the greater weight of the evidence that the plaintiff had given the credit upon the assurance of the defendant.

THREE civil causes instituted before justice of the peace, consolidated by consent, and tried before *Brown, J.,* and a jury, at March Special Term, 1924, of BEAUFORT.

The first was a suit by plaintiff, a merchant, against Criffield, a farmer, and Nathan Arthur, one of his tenants, for $149.66 for supplies, money, etc., advanced by plaintiff to said tenant for the year 1920.

Second, suit by plaintiff against Criffield and Charles Evans, another tenant, for $45.49 for similar advancements for 1920.

Third, suit by plaintiff against Criffield on written orders of the latter for goods supplied to these two tenants during same year. This last not being disputed.

On the liability of defendant Criffield the following issue was submitted: "Is defendant indebted to plaintiff and if so in what amount?"

Plaintiff, testifying in his own behalf, among other things, said: That in the early part of 1920 defendant Criffield came to witness and told him to let Nathan Arthur and Charles Evans, two of his tenants, for that year, have goods, supplies, etc., and he would be responsible for same to amount not to exceed $150.00 for Arthur and $50.00 for Evans; that plaintiff advanced to said parties on this assurance the amounts claimed, as above stated, and that he would not have trusted either of the men for these sales, but sold them on the promise of Criffield, as stated; that plaintiff, during said year, also advanced to these same tenants goods, supplies and money to the amount of $90.00, this being on written orders of defendant Criffield.

The defendant Criffield, in his evidence, denied the assurance and promise claimed by plaintiff in reference to first two suits, and stated that he told plaintiff that the witness would be liable only for goods advanced to these men on his written order; that plaintiff let them have goods on such orders to the amount of $90.00, and this was all that defendant was liable for or had promised to pay for; that he had tried to pay this amount to plaintiff, who had refused to take it, and defendant could do nothing further, but did not deny owing the $90.00.

The court charged the jury, in effect, that if defendant, before the goods were sold, told Mr. Tarkington, the plaintiff, to let his tenants have these goods to a certain amount, and that he, Criffield, would be responsible for them, and on his promise and assurance the credit was extended to Criffield, the statute of frauds would have no application; and in such case, if the jury should find the facts as testified to by plaintiff, they would answer the issue "Yes, $285.63"; but if they should find the facts as testified to by Criffield, the defendant, they would answer the issue "$90.00."

There was verdict for plaintiff, "Yes, $250.26." Judgment on verdict for plaintiff. Defendant excepted and appealed.

*Ward & Grimes for plaintiff.*
*A. W. Bailey for defendants.*

PER CURIAM. The charge of the court as to the application of the statute of frauds is fully supported by our decisions on the subject, and appellant's exception to the validity of the trial on that ground must

be overruled. *Taylor v. Lee,* 187 N. C., 393; *Whitehurst v. Padgett,* 157 N. C., 424; *Peele v. Powell,* 156 N. C., 553; *Sheppard v. Newton,* 139 N. C., 533.

The Court is of opinion, however, that prejudicial error was committed in charging the jury that if they accepted plaintiff's version of the matter the amount would be $285.63. All of these goods were sold or advanced to the two tenants, Arthur and Evans, in the year 1920; and, putting aside a slight discrepancy of a few cents, this $285.63 includes and contains all of the claims, to wit, the $149.66 to Arthur, the $45.49 to Evans, and the $90.00 on the written orders. Plaintiff himself testified that in the original arrangement the amounts to be advanced to these tenants for the year was not to exceed $150.00 to Arthur and $50.00 to Evans—$200.00. And his further testimony leaves it uncertain whether this restriction extended to the entire amount sold or advanced to these parties during the year, or whether the $90.00 advanced on the written orders was in addition to and unaffected by the restriction. Being ambiguous, it is for the jury to determine, even on plaintiff's own evidence, whether the $90.00 advanced on the written order is subject to the restriction stated.

The cause, therefore, must be referred to another jury, and if they again find with the plaintiff as to the promise to pay, the question of the amount will be also submitted to them for decision.

New trial.