THE PITT LUMBER COMPANY v. HIGGS BROTHERS.

(Filed 30 September, 1925.)

**1. Evidence—Nonsuit.**

   In an action upon the promise of another to pay for lumber used in the construction of a dwelling, to the extent of a certain amount loaned to the owner, upon the latter's approving the various accounts which alone the evidence tends to show, a judgment of nonsuit in plaintiff's favor should be allowed when the amount involved exceeds that agreed upon as a loan, and the owner has for that reason refused to approve it.

**2. Contracts—Writing—Statute of Fraud—Promise to Pay Debt of Another.**

> Where the promise to answer for the debt, default or detinue of another is collateral, and merely superadded to that of the original promisor who remains liable therefor, and such promise does not create an original obligation, the second promisor cannot be held answerable on his promise unless reduced to writing, under the requirements of the Statute of Frauds. C. S., 987.

APPEAL by defendants from *Barnhill, J.,* at March Term, 1925, of PITT.

Civil action to recover balance due on lumber furnished for the erection of a building.

From a verdict and judgment in favor of plaintiff, the defendants appeal, assigning errors.

*J. C. Lanier for plaintiff.*
*S. J. Everett for defendants.*

STACY, C. J. The facts are these: Higgs Brothers sold a lot in the town of Greenville, N. C., to L. P. Wayne and agreed to advance him a loan of $4,000.00 with which to erect a building thereon, the same to be paid, from time to time, to the laborers and materialmen as bills for labor and materials were presented and approved by Mr. Wayne. With knowledge of this arrangement, the plaintiff furnished the lumber used on the building, and rendered, at different times, three several statements therefor. The first two were approved by Mr. Wayne and paid by Higgs Brothers. The third and last was not approved by Mr. Wayne because his loan from Higgs Brothers had been exhausted, and this suit is to recover from Higgs Brothers the balance due, or the amount of the third bill, on an alleged original promise to pay for whatever lumber was furnished and used in the construction of the building. *Taylor v. Lee,* 187 N. C., 393.

The matter was submitted to the jury, and a verdict rendered in favor of the plaintiff. But we are unable to discover any evidence on the record sufficient to support the verdict. Plaintiff's secretary and treasurer did testify that he went to see the defendants "to have it understood they would be responsible for the lumber, and Mr. Higgs told me the account would be paid when O. K.'d by Mr. Wayne. He said to furnish the stuff on the job and Mr. Wayne would O. K. the bills and he would pay them." This testimony, it will be observed, is not at variance with the defendants' version of the matter. They were to pay the bills, when approved by Mr. Wayne, up to $4,000.00, and this they did. The plaintiff knew how much the defendants had agreed

to advance on the building, and it is nowhere stated in the evidence that they assumed any responsibility in excess of this amount. Mr. Wayne admits his liability for the account, but he declines to approve the bill as against the defendants because his loan from them has been exhausted. The defendants, according to plaintiff's testimony, agreed to pay only such bills as were approved by Mr. Wayne.

Under this view of the evidence, it is not necessary for us to consider whether the alleged agreement of the defendants to pay plaintiff's bills, without regard to limit, even if made, comes within the statute of frauds, requiring it to be reduced to writing and signed in order to render it enforcible. C. S., 987. It has been held in a number of cases that if a promise is collateral and merely superadded to the promise of another to pay a debt, who remains liable therefor, and such promise does not create an original obligation, the statute applies, and the second promisor cannot be held on his promise, unless it be reduced to writing and signed, as required by the statute. *Whitehurst v. Padgett,* 157 N. C., 424, and cases there cited.

The plaintiff is not undertaking to enforce a lien on the building. The time for that has passed. The suit is based upon an alleged original contract, or promise to pay for whatever lumber was furnished and used in the erection of the building.

On the record, we think the defendants' motion for judgment as of nonsuit should have been allowed.

Reversed.