NOLAND COMPANY, INC., v. J. W. JONES, W. P. JONES, VERA JONES, AND L. O. WELCH.

(Filed 7 April, 1937.)

1. **Frauds, Statute of, § 5—Evidence held for jury on question of financial interest of person promising to answer for debt.**

   The evidence disclosed that defendant was engaged in business and during a number of years plaintiff sold goods to him, that thereafter defendant told plaintiff's agent he wished plaintiff to continue to ship merchandise upon order of his son, that the agent replied that his company would ship on open account to defendant and son, and that they would look to defendant for goods sold on open account, that thereafter a receipt for payment on account was made out in the name of defendant and son company, and that defendant's name appeared over the door of the store throughout the transactions, and that the first notice plaintiff had that defendant was not in business was a telephone call, after the goods in question had been shipped, notifying plaintiff not to ship any more goods on open account. *Held:* The evidence was sufficient to be submitted to the jury on the question of whether defendant had an interest in the purchase of the goods so as to take the case out of the operation of the statute of frauds, C. S., 987.

2. **Trial § 33—**

   A misstatement of the contentions of a party will not be held for error when the injured party fails to bring the matter to the attention of the trial court in apt time.

APPEAL by defendant J. W. Jones from *Finley, Emergency Judge,* and a jury, at September Term, 1936, of CLEVELAND. No error.

This is an action brought by plaintiff against defendants to recover $251.97, for goods shipped by plaintiff to J. W. Jones & Son—twelve shipments from 11 October, 1934, to 14 November, 1934, inclusive.

The issues submitted to the jury were as follows:

"1. What amount, if any, is J. W. Jones indebted to the plaintiff?

"2. What amount, if any, is W. P. Jones indebted to the plaintiff?"

The jury answered both issues in favor of plaintiff, "$251.97, with interest from 13 January, 1935." Judgment was rendered on the verdict for plaintiff.

It is not denied by W. P. Jones that he is liable to plaintiff, but the controversy was as to the liability of J. W. Jones. The defendant J. W. Jones made numerous exceptions and assignments of error and appealed to the Supreme Court. The material ones and necessary facts will be considered in the opinion.

*Quinn, Hamrick & Hamrick for plaintiff.*
*E. A. Harrill for defendant J. W. Jones.*

PER CURIAM. At the close of plaintiff's evidence and at the close of all the evidence, the defendant J. W. Jones made motions in the court below for judgment as in case of nonsuit. C. S., 567. The court below overruled these motions and in this we see no error.

The evidence on the part of plaintiff succinctly was as follows: For several years prior to the time the transaction in question took place, J. W. Jones had been operating a plumbing business in Kings Mountain. His name was on the front of the store and remained there throughout the transactions in question. Plaintiff had sold J. W. Jones merchandise prior to this time. A shipment to J. W. Jones had been returned in June, 1934, and plaintiff's manager, C. J. Lauer, went to see him about same, J. W. Jones being ill at the time. In August, plaintiff's manager, C. J. Lauer, went to see the defendant J. W. Jones again with reference to shipping him merchandise. When C. J. Lauer saw the defendant J. W. Jones in August, 1934, the following facts existed: W. P. Jones was running the business; C. J. Lauer was only slightly acquainted with W. P. Jones; plaintiff was shipping to J. W. Jones C.O.D.; J. W. Jones made the remark indicating that he desired plaintiff to continue to ship goods on the order of W. P. Jones; plaintiff's manager, C. J. Lauer, then said, "I will ship on open account to J. W. Jones & Son." J. W. Jones made no reply to this, other than the statement, "You won't lose anything by it." Pursuant to this conversation, goods were ordered by W. P. Jones and shipped by plaintiff to "J. W. Jones & Son." These goods were shipped C.O.D., from 21 August, 1934, to 11 September, 1934; goods were then shipped to "J. W. Jones & Son," on open account; the first shipment on open account was 11 October, 1934, the last on 14 November, 1934; an invoice was received in Kings Mountain within a day or two after each shipment, and each invoice was made out to "J. W. Jones & Son"; these invoices were received and noted by J. W. Jones' son and daughter. After 17 November, 1934, J. W. Jones called plaintiff over telephone and notified plaintiff not to ship any more goods on open account to J. W. Jones & Son; after this no more goods were shipped. Plaintiff never received any notice from

anybody other than the telephone call. No notice was therefore given plaintiff that J. W. Jones had ceased to do business.

A receipt in the record is as follows: "Receipt—Branch, Spartanburg, S. C., Date 11/17/1934. Received of J. W. Jones & Son $60.00—Sixty and No/100 Dollars. For: On account. Noland Company, Inc., By: J. R. Turpin, Cashier."

The goods in controversy were sold from 11 October, 1934, to 14 November, 1934, inclusive. The payment of $60.00 was made on 17 November, 1934. After this payment, defendant W. P. Jones testified, in part: "He told them if they sold anything else on open account they would look to me for it." The defendant J. W. Jones contends that the statute of frauds (N. C. Code, 1935 [Michie], section 987) is applicable to this case. Under all the facts and circumstances we cannot so hold. We think the case of *Taylor v. Lee,* 187 N. C., 393-4, in many respects similar.

Taking the language of J. W. Jones, before the goods were sold and delivered to J. W. Jones & Son, the telephone message after they were sold, and all the surrounding circumstances and setting of the parties, the evidence was sufficient to be submitted to the jury to determine.

The court below charged the jury: "Now, the plaintiff contends, on account of the situation existing there prior to this conversation, that J. W. Jones having been in the business and having a storehouse and having his name up there and holding himself out to the public in the mercantile business that he and everybody else had a right to assume that he was still in the mercantile business until he had gone out of business by publishing notice to that effect, and that when he went to him and had this conversation with him that he was justified in assuming from the past history and surrounding circumstances that he was still in the business, and when he told him he was going to charge it to J. W. Jones & Son; that when he said nothing that he meant yes, that silence gives consent, and that that is the only logical conclusion you could come to from what took place on that occasion. Therefore, plaintiff contends you ought to answer the first issue '$251.97, with interest from 13 January, 1935.'"

The defendant J. W. Jones excepted and assigned error to the above excerpt from the charge—that it impinged C. S., 564. It will be noted that this was a contention, and it is too well settled that this is waived by not calling it to the attention of the court at the time. *S. v. Sinodis,* 189 N. C., 565 (571).

For the reasons given, we find

No error.