R. C. BAKER, t/a BAKER OIL COMPANY v. MALAN CONSTRUCTION CORPORATION.

(Filed 20 September, 1961.)

**1. Frauds, Statute of § 5—**

Where diverse inferences may be drawn from the evidence as to whether the promise to answer for the debt of another was an original or a collateral promise, nonsuit on the defense of the statute is properly denied and the evidence must be submitted to the jury on appropriate issues.

**2. Appeal and Error § 15—**

Where a new trial is awarded on defendant's appeal, the Supreme Court will refrain from discussing the evidence.

**3. Trial § 40—**

The form and number of issues rest in the discretion of the trial court subject to the limitation that the issues submitted must arise upon the pleadings, afford the parties opportunity to present fairly any view of the case arising on the evidence, and that a verdict upon them must be such as to enable the court to render judgment.

**4. Pleadings § 29—**

An issue of fact arises when the answer controverts a material allegation of the complaint. G.S. 1-196, G.S. 1-197.

**5. Jury § 5—**

Unless a trial by jury is waived or a reference is ordered, issues of fact arising on the pleadings must be submitted to a jury. G.S. 1-172.

**6. Trial § 40—**

Where defendant denies that it had entered into the agreement alleged by plaintiff, the court must submit to the jury an issue upon this controverted issue of fact, and the submission of the single issue as to the amount, if any, defendant is indebted to plaintiff is insufficient.

**7. Same—**

Where a party tenders proper issues arising upon the pleadings and

excepts to the refusal of the court to submit such issues, such party cannot be held to have waived the right to object that the issue submitted was insufficient.

**8. Appeal and Error § 35—**

The rule that when the charge is not in the record it will be presumed that the jury was instructed correctly on every principle of law applicable to the facts, presupposes a trial on proper issues and the failure of the court to submit proper issues cannot be cured by the charge.

APPEAL by defendant from *Parker, J.,* April Term, 1961, of PERQUIMANS.

Plaintiff's action is to recover from defendant $1,814.52 for merchandise delivered by plaintiff to L. W. Raynor and G. L. Tart, trading as Sampson Construction Company. Plaintiff's claim consists (1) of a balance of $1,749.77 for Sinclair products, gasoline, diesel fuel and motor oil, and (2) of a balance of $64.75 for truck tires and truck tubes.

Defendant, as general contractor, was obligated, *inter alia,* to construct certain roads in connection with the Naval Air Facility at Harvey's Point, Perquimans County, and to furnish all labor, equipment and materials to perform the work. Raynor and Tart, as subcontractors of defendant, were obligated to haul dirt in connection with the construction of said roads.

Plaintiff seeks to recover from defendant on a special contract allegedly entered into between plaintiff and defendant, through Fred W. Dyke, its Superintendent, prior to plaintiff's delivery of merchandise to Raynor and Tart. Plaintiff alleges defendant requested plaintiff to let Raynor and Tart have whatever supplies they needed for the performance of their work and agreed defendant "would pay for the same or would see that the plaintiff was paid therefor"; and that the merchandise was delivered by plaintiff to Raynor and Tart in reliance upon defendant's said promise and agreement.

Answering, defendant denied it had entered into the alleged agreement with reference to merchandise delivered by plaintiff to Raynor and Tart. If such agreement was made, so defendant alleged, it was an oral agreement to pay the debt of another person; and defendant pleaded G.S. 22-1, the Statute of Frauds, in bar of plaintiff's right to recover.

The only evidence was that offered by plaintiff. At the conclusion thereof, defendant moved for judgment of nonsuit and excepted to the court's denial of its said motion.

Thereupon, defendant tendered the following issues: "1. Did an agent of defendant enter into an agreement with plaintiff that the de-

fendant would pay for supplies furnished Sampson Construction Company? ANSWER: _____ 2. If so, was the promise by defendant's agent an original or a collateral promise? ANSWER: _____ 3. What amount, if any, is defendant indebted to the plaintiff? ANSWER: _____"

The court refused to submit the first and second issues tendered by defendant. Defendant excepted.

The issue submitted, and the jury's answer thereto, are as follows: "1. In what amount, if any, is the defendant indebted to the plaintiff? ANSWER: $1814.52 + 6% interest from June 16, 1959, until paid in full."

The record contains this statement: "The Court then charged the jury in full on the issue submitted." However, the charge itself is not in the record.

The court entered judgment that plaintiff recover of defendant the sum of $1,814.52, plus interest and costs; and defendant excepted and appealed.

*Walter H. Oakey and John H. Hall for plaintiff, appellee.*
*Jordan, Dawkins & Toms for defendant, appellant.*

BOBBITT, J.   The assignment of error directed to the denial of defendant's motion for judgment of nonsuit is overruled. While diverse inferences may be drawn therefrom, the evidence, when considered in the light most favorable to plaintiff, was sufficient to require submission of the case to the jury on appropriate issues and under proper instructions. In this connection, see *Peele v. Powell,* 156 N.C. 553, 73 S.E. 234, s. c. on rehearing, 161 N.C. 50, 76 S.E. 698; *Whitehurst v. Padgett,* 157 N.C. 424, 73 S.E. 240; *Dozier v. Wood,* 208 N.C. 414, 181 S.E. 336; *Taylor v. Lee,* 187 N.C. 393, 121 S.E. 659; *Tarkington v. Criffield,* 188 N.C. 140, 124 S.E. 129; *Warren v. White,* 251 N.C. 729, 112 S.E. 2d 522, and cases cited therein; Annotation: 20 A.L.R. 2d 246 *et seq.,* particularly § 7, pp. 262-268.

Since a new trial is awarded, we refrain from discussing the evidence presently before us. *McGinnis v. Robinson,* 252 N.C. 574, 576, 114 S.E. 2d 365; *Tucker v. Moorefield,* 250 N.C. 340, 342, 108 S.E. 2d 637.

Defendant contends the court erred in refusing to submit the first and second issues tendered by it and in submitting the single issue, to wit, "In what amount, if any, is the defendant indebted to the plaintiff?"

"The form and number of the issues is left to the sound discretion of the judge, subject to the following restrictions: (1) That only issues of fact raised by the pleadings should be submitted. (2) That they be

such that a verdict upon them will enable the court to render a judgment. (3) That the parties shall have the opportunity to present any view of the law arising out the evidence. All the issues of fact raised by the pleadings, and only such issues, should be submitted; and whether there shall be one or more, and in what particular form, is left to the judge, provided the above conditions are met. It is error to submit the single issue, 'How much, if anything, is the plaintiff entitled to recover?' *if other issues are raised, since this leaves out the controverted facts upon which the right to recover is based."* (Our italics) McIntosh, North Carolina Practice and Procedure, § 510; McIntosh, Second Edition (Wilson), § 1353.

An issue of fact arises when the answer controverts a material allegation of the complaint. G.S. 1-196; G.S. 1-197; *Braswell v. Johnston,* 108 N.C. 150, 12 S.E. 911; *Rubber Co. v. Distributors,* 253 N.C. 459, 466, 117 S.E. 2d 479, and cases cited. "An issue of fact must be tried by a jury, unless a trial by a jury is waived or a reference ordered." G.S. 1-172; *Wells v. Clayton,* 236 N.C. 102, 105, 72 S.E. 2d 16, and cases cited.

"It is well settled that the statutes (The Code, secs. 395, 401) are mandatory in the requirement that an issue or issues of fact raised by the pleadings shall be submitted to the jury. *Rudasill v. Falls,* 92 N.C. 222. But section 400 in express terms distinguishes issues of fact from mere inquiries of damages by providing that 'Every *issue of fact joined in the pleadings* and *inquiry of damages* required to be tried,' etc., 'shall be tried at the next term,' etc." *Denmark v. R. R.,* 107 N.C. 185, 12 S.E. 54; *Bowen v. Whitaker,* 92 N.C. 367; *Braswell v. Johnston, supra; Tucker v. Satterthwaite,* 120 N.C. 118, 27 S.E. 45; *Falkner v. Pilcher,* 137 N.C. 449, 49 S.E. 945; *Holler v. Tel. Co.,* 149 N.C. 336, 63 S.E. 92; *Griffin v. Insurance Co.,* 225 N.C. 684, 686, 36 S.E. 2d 225; *Turnage v. McLawhon,* 232 N.C. 515, 61 S.E. 2d 336. (Note: Sections 395 and 400 of The Code are now codified as G.S. 1-200 and G.S. 1-173, respectively.)

In *Bowen, Merrimon, J.* (later *C.J.*), discusses the purpose for which Section 395 of The Code, now G.S. 1-200, was enacted. No distinct issues were submitted. The verdict was "that the jury find all issues in favor of the plaintiff, and assess his damages at $250." It was held this general finding did not comply with the mandatory requirements of Section 395 of The Code and a new trial was awarded.

In *Denmark,* the plaintiff's action was to recover damages for personal injuries allegedly caused by defendant's negligence in the operation of its engine. The defendant tendered issues of negligence, contributory negligence and damages. The trial judge, declining to submit the issues so tendered by the defendant, submitted instead a single

issue, to wit, "What damages, if any, is the plaintiff entitled to recover?" The defendant excepted. The jury answered: "$5,000." A new trial was awarded on account of the court's failure to submit the main issue raised by the pleadings, to wit, whether the plaintiff's injuries were caused by the negligence of the defendant. This Court, in opinion by *Avery, J.,* said: "The question of *quantum* of damages is an incidental one, the right to have them assessed at all depending upon the preliminary decision of *the real issues of fact raised by the pleadings.*" (Our italics)

In *Braswell,* the main issue raised by the pleadings was whether the contract sued on was an entire contract. The defendant tendered issues with reference thereto. Instead, the court submitted only the single issue, "How much, if any, is the plaintiff entitled to recover?" A new trial was awarded for failure to submit *an issue determinative of the plaintiff's right to recover.* This Court, in opinion by *Avery, J.,* said: "The judge who tries the case may, in his discretion, confine the inquiry to one or more of the issues raised by the pleadings, provided that he does not thereby deprive a party of the opportunity to present the law arising out of some view of the testimony to the jury *through the median of an issue submitted,* and provided a judgment can be predicated upon the finding — though in the exercise of this power by the judge, it should be borne in mind that The Code system contemplates *distinct findings upon material issues* and these should be submitted where it can be done without repetition or confusion." (Our italics) In this connection, see Emery v. R. R., 102 N.C. 209, 9 S.E. 139, and *McAdoo v. Railroad,* 105 N.C. 140, 11 S.E. 316.

In *Shoe Co. v. Hughes,* 122 N.C. 296, 29 S.E. 339, material issues of fact determinative of plaintiff's right to recover were raised by the pleadings. Over defendant's objection, the single issue, "Is the defendant indebted to the plaintiff, and, if so, in what amount?" was submitted. A new trial was awarded on the ground this issue did not properly present the contentions of the parties. This Court, in opinion by *Furches, J.* (later *C.J.*), said: ". . . the trial judge should keep it in mind that the very object of submitting *written issues* to the jury is that they should find the *facts* and then the Court would apply the law. It was found by experience that the old mode of submitting but one issue to the jury, where there were several *issues* of fact raised by the pleadings, was not satisfactory. The old mode of *one issue,* which means to find for the plaintiff or for the defendant, gave rise in many cases to what were called vicious verdicts. If it could be so, the jury ought to find the *issues* submitted to them without knowing whether their findings were for the plaintiff or the defendant."

In *Hatcher v. Dabbs,* 133 N.C. 239, 45 S.E. 562, plaintiff's action

was to recover the reasonable value of services rendered by him to defendant's intestate. Plaintiff alleged he had entered into a special contract with defendant's intestate under which, in consideration of plaintiff's services, defendant's intestate promised to devise and bequeath to plaintiff his entire estate but that defendant's intestate failed to do so. Defendant denied his intestate entered into the alleged agreement with plaintiff. The court, over defendant's objection, submitted one issue, "What damages, if any, is the plaintiff entitled to recover of the defendant?" This Court, in opinion by *Walker, J.,* said: "The issue was not a proper one to be submitted to the jury *by itself.* It did not present to the jury for their consideration all the matters in controversy between the parties, and was therefore insufficient as the basis of a verdict and judgment." Again: "The provision in our present system of procedure for submitting issues was adopted for the purpose of enabling the jury to find the material facts with as little consideration as possible of principles of law, sometimes difficult for them to understand and apply, and so that the court, upon the facts thus found, may with greater ease and accuracy declare the law and thus determine the legal rights of the parties. (Citation) This result cannot be obtained in this case under the issue submitted to the jury. There is no separation of the facts from the law, but the jury are required to consider and decide both the facts and the law, under instructions from the court, it is true, but, nevertheless, in direct contravention of the very spirit and purpose of The Code and the rule of this Court." Again: "The submission of issues is not a mere matter within the discretion of the court, but it is now a mandatory requirement of the law, and a failure to observe this requirement will entitle the party *who has not in some way lost the right* to have the error of the court corrected." (Our italics)

In *Busbee v. Land Co.,* 151 N.C. 513, 66 S.E. 577, the single issue, "What damages, if any, are the plaintiffs entitled to recover?" was submitted. A new trial was awarded. This Court, in opinion by *Walker, J.,* said: "The issue as to the damages is not material if the decision of the jury upon the issues constituting the plaintiff's cause of action are found against him." In this opinion, *Walker, J.,* repeats verbatim what he had previously stated in the second excerpt (quoted above) from his opinion in the *Hatcher* case.

"If the parties consent to the issues submitted, or do not object at the time or ask for different or additional issues, the objection cannot be made later." McIntosh, *opus* cited, § 510. If defendant had not tendered issues or otherwise objected to trial on the issue submitted, it could not do so on this appeal. *Tarkington v. Criffield, supra,* and *Noland Co., Inc. v. Jones,* 211 N.C. 462, 190 S.E. 720. In each of these

cases, the defendant pleaded G.S. 22-1; and in each, presumably by consent, only a general issue as to what amount, if any, defendant owed plaintiff, was submitted. Examination of the record and brief in each of these cases discloses no assignment of error or argument addressed to the insufficiency of the issue. This Court, in *per curiam* opinions, did not discuss the sufficiency of the issue.

In *Burton v. Mfg. Co.*, 132 N.C. 17, 43 S.E. 480, and in *Nance v. Telegraph Co.*, 177 N.C. 313, 98 S.E. 838, only a general issue as to what amount, if any, defendant owed plaintiff, was submitted. In each case, defendant denied the special contract alleged by plaintiff but did not tender issues or object to the issue submitted.

In *Burton*, this Court, in opinion by *Connor, J.*, said: "The general issue should not be submitted." Again: "There is no exception to the issue as submitted, and we cannot interfere."

In *Nance*, this Court, in opinion by *Walker, J.*, said: "We will not close without adverting to the form of the issue, which we do not approve. There should have been an issue as to whether there had been a breach of the contract, the defendant having denied that there had been one. The second issue, then, should have been in the form of the one submitted, or substantially so. But there was no objection to the form of the issue, and we merely refer to it, because such an issue has been condemned by this Court. (Citations) If the breach had been admitted, then, of course, the issue submitted would be the proper one."

Here, plaintiff's action is based upon an alleged special contract. The main issue raised by the pleadings, determinative of plaintiff's right to recover, was whether defendant had entered into the agreement alleged by plaintiff. Defendant tendered two issues relating to the alleged agreement. True, the court was not required to submit these particular issues. *Clark v. Guano Co.*, 144 N.C. 64, 71, 56 S.E. 858; *Potato Co. v. Jeanette*, 174 N.C. 236, 240, 93 S.E. 795. It was for the court, in its discretion, to determine whether one or more issues should be submitted relative to the alleged agreement and the particular form of the issue(s) so submitted. See *Warren v. White, supra*, p. 735. But defendant, having tendered pertinent issues in apt time, was entitled to have submitted some factual issue(s) which, in terms, presented to the jury for determination whether defendant had entered into the agreement alleged by plaintiff. Where, as here, the answer raises an issue of fact which, if answered adversely to plaintiff, defeats entirely the plaintiff's alleged cause of action, the defendant is entitled, as a matter of legal right, to have an issue or issues submitted with reference thereto separate and distinct from the issue as to the amount, if any, plaintiff is entitled to recover.

Plaintiff cites *McNeeley v. Shoe Co.*, 170 N.C. 278, 87 S.E. 64, where the trial judge submitted and the jury answered this single issue: "Did the defendant, at the time it received the check or shoes, or both, have reasonable cause to believe that it was intended thereby to give a preference? Answer: As to the $100 cash payment, No. As to the $582, Yes." It was admitted the $100.00 was paid to defendant and that the shoes, valued at $582.00, were turned over to defendant, within four months prior to the bankruptcy adjudication. Thus, the amounts were not in dispute; and the issue submitted was determinative of the plaintiff's right to recover. Moreover, the defendant tendered no issue. This Court, in opinion by *Brown, J.*, said: "The court having submitted the issue and the defendant having failed to except to same, then he consents to the issue submitted, and cannot, after the case is disposed of, be heard to complain that other issues were not submitted."

Plaintiff calls our attention to the well-settled rule that, where the charge of the trial judge is not included in the record on appeal, it is presumed that the jury was instructed correctly on every principle of law applicable to the facts. Plaintiff cites *Hatcher v. Clayton*, 242 N.C. 450, 88 S.E. 2d 104, where issues of negligence, contributory negligence, agency and damages were submitted, and *White v. Lacey*, 245 N.C. 364, 96 S.E. 2d 1, where issues of negligence, contributory negligence and damages were submitted. Suffice to say, the rule presupposes a trial on proper issues. If, and we so hold, defendant was entitled, as a matter of legal right, to have submitted an issue or issues relating to whether defendant entered into the alleged contract with plaintiff, the error in failing to submit such issue(s) could not be cured by the charge.

For failure to submit separately an issue or issues directed to whether defendant entered into the contract alleged by plaintiff, defendant is entitled to a new trial. It is so ordered.

New trial.