THOMAS HOLMES v. BLUE BIRD CAB, INC., AND S. H. BLACK.

(Filed 5 June, 1947.)

**1. Negligence § 20: Appeal and Error § 39f—**

This action was submitted to the jury on the issues of negligence, contributory negligence and damages. The court charged to the effect that if defendant was guilty of negligence and that if such negligence was the proximate cause of injury, then, "liability" would follow. *Held:* The use of the term "liability" cannot be held for prejudicial error.

**2. Same—**

A charge that if defendant was guilty of contributory negligence which proximately caused injury, "liability" would follow, cannot be held for prejudicial error as implying that legal liability would attach regardless of contributory negligence when it appears that the court thereafter defined contributory negligence and charged that it would bar recovery if it constituted a proximate cause of the injury.

**3. Same—**

The use of the phrase "the proximate cause" of injury instead of "a proximate cause" of injury in defining contributory negligence that would bar recovery, cannot be held for prejudicial error when it appears that the court repeatedly charged that contributory negligence need not be the sole proximate cause of the injury in order to bar recovery by plaintiff.

**4. Automobiles §§ 15, 18i—**

Plaintiff's evidence was to the effect that at nighttime he was carrying a child's bicycle, too small for him to ride, across a street intersection to

a repair shop, and that he was hit by a vehicle entering the intersection against the stop light at a high rate of speed. *Held:* The refusal to give defendants' requested instruction that the failure to have a light on the bicycle was a violation of G. S., 20-129 (f), was not error, since under the circumstances plaintiff was a pedestrian rather than a cyclist.

DEFENDANT'S appeal from *Clement, J.,* at January Term, 1947, of FORSYTH.

*Hoyle C. Ripple and Hosea V. Price for plaintiff, appellee.*
*Womble, Carlyle, Martin & Sandridge for defendants, appellants.*

SEAWELL, J. The plaintiff brought this action to recover damages for a personal injury sustained by collision with a cab owned by the Blue Bird Cab, Inc., and driven by its employee, S. H. Black. Both are defendants and the agency is admitted. Issue was joined as to the negligence, contributory negligence and damages, resulting in a verdict favorable to the plaintiff. From the judgment ensuing defendants appealed.

There was sharp contradiction between the evidence of plaintiff and that of the defendants on vital questions of negligence. The statement of the occurrence by the plaintiff prevailed. The only exceptions argued are to the instructions to the jury and the refusal to give an instruction asked for by the defendants.

The only evidence necessary to bring forward relates to the instruction which was refused.

At the time of the injury, according to plaintiff's statement, he was crossing the street under the protection of the green light when the defendant Black, driving the taxicab through the intersection, and against the red light at a high rate of speed, ran into him, causing severe injury. At the time plaintiff was pushing a small bicycle, belonging to a niece, across the intersection, carrying it to a repair shop. One pedal was off, and was strapped to the handle bars. The bicycle was too small for plaintiff to ride. It was unlighted.

The defendants requested an instruction that failure to have the bicycle lighted was a violation of the statute, G. S., 20-129, subsection (f), and evidence of negligence to be considered on the issue of contributory negligence. The instruction was refused.

Instructing the jury upon the issue as to negligence of the defendants, the court said:

> "But if a person is driving the automobile and is doing it negligently, that is, if he is doing it differently from what a reasonably prudent man would have done it at the time and place in question, when the injury occurred, then he is negligent, and if his negligence is the proximate cause of damage or injury to another, then liability follows."

The objection is that the court erred in using the term "liability" in this connection since, it is pointed out, "liability" is fixed by law on the finding of negligence and proximate cause and the jury is not permitted to deal with it. Argued with this in defendant's brief is a further instruction on the same issue relative to the principle of *respondeat superior* in which the term "liability" was again used. The objection would have more point if the issues had been such as to submit the question of liability to the jury; the issues, however, submitted only the question of negligence and proximate cause. The only question here is whether the jury was prejudiced against the defendant by a plain statement of the law, the correctness of which is not questioned. Neither *Braswell v. Johnston*, 108 N. C., 150, 12 S. E., 911, nor *Farrell v. Railroad*, 102 N. C., 390, 9 S. E., 302, support the objection made by appellant. In the former case the one issue submitted was, "How much, if any, is the plaintiff entitled to recover?"—thus ignoring the issues of fact and substituting a question of law. In the latter case the defendant asked for an instruction which would have had the same effect. Other cases cited in the brief are distinguishable on the same principle.

In none of the cases cited by defendants is the word "liable" used at all. The question posed by these cases in different form is, whether it was proper to charge the jury that the plaintiff *could or could not recover,* rather than, under our present practice, submit the issues of fact upon which recovery is determined. *Braswell v. Johnston, supra.*

"Liable" is defined as "responsible for"—derived from the same Latin root we find in *"respondeat superior"*—the principle on which the employer is held for the tortious act of the employee. To use that term in the connection we find it, even though some other word might have been as fitting, cannot be held as prejudicial. There is the further objection that the language employed here implies legal liability without regard to contributory negligence inasmuch as it does not mention negligence of the plaintiff. That subject was fully treated in instructions on that issue.

The court charged the jury on contributory negligence as follows:

"'Contributory negligence,' gentlemen, is the want of ordinary care on the part of the person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, that is, concurring and continuing to the time of the injury, without which the injury would not have occurred.

"'Contributory negligence' is such an act or omission on the part of the plaintiff, amounting to a want of ordinary care, concurring and cooperating with some negligent act or the omission of the defendant, as makes the act or omission of the plaintiff the proximate cause or occasion of the injury complained of."

The defendants insist that the use of the word "the" instead of "a" in this instruction is sufficient to mislead the jury into the conclusion that contribuory negligence, to be a defense, must be the sole proximate cause of the injury.

But in almost the very last instruction given to the jury was the following:

> "Under the law of this State and under the decisions of our Supreme Court, the term 'contributory negligence' implies that it need not be the sole cause of the injury sustained by the plaintiff."

This was several times repeated with respect to conduct of the plaintiff from which it was contended inferences of negligence might be drawn. It is likewise substantially stated in the same paragraph from which the exceptive sentence is taken.

The tendered instructions directed toward the duty of having a lighted lamp on the bicycle is based on G. S., 20-129, subsection (f), reading in part:

> " 'Lamps on Bicycles': Every bicycle shall be equipped with a lighted lamp on the front thereof, visible under normal atmospheric conditions from a distance of at least three hundred feet in front of such bicycle, and shall also be equipped with a reflex mirror or lamp on the rear, exhibiting a red light visible under like conditions from a distance of at least two hundred feet to the rear of such bicycle, when used at night."

In support of this exception defendants cite *Benson v. Anderson* (Washington, 1924), 223 Pac., 1063, and Blashfield, pp. 384, 385, which seem to be in point, and other authorities which do not tally with the factual situation. However, *Benson v. Anderson, supra,* upon which the Blashfield text is predicated, refers to a pedestrian who was injured while pushing an unlighted bicycle along the right side of the road, across a bridge. The opinion refers to him as a pedestrian but the injured man claimed that he had a right to be on that side of the road as a bicyclist. The opinion merely says that if a bicyclist, he should have had a light upon his bicycle as required by the statute and the substance of the opinion is that he had not bettered himself. If the cited opinion has the connotation attributed to it, it is not persuasive in its rationale.

Under its wording, as well as upon reason, we are unable to assent to the proposition that the cited statute has any application to the facts of this case. It refers to a bicycle "used at night" and clearly implies "used" in the ordinary manner as a vehicle. Plaintiff was as much a pedestrian as if the bicycle had been strapped to his back or carried on his shoulder. He would have been as much, and no more, entitled to the protection of

'the law of the road if his burden had been a sack of unlighted potatoes. We see no reason to disturb the result of the case. We find No error.