# IN THE SUPREME COURT, STATE OF WYOMING

## 2022 WY 124

APRIL TERM, A.D. 2022

September 30, 2022

SOLVAY CHEMICALS, INC.,

Appellant
(Petitioner),

v.

S-22-0018

WYOMING DEPARTMENT OF
REVENUE,

Appellee
(Respondent).

*Appeal from the District Court of Sweetwater County*
*The Honorable Suzannah G. Robinson, Judge*

*Representing Appellant:*
> Walter F. Eggers, III and Kasey J. Schlueter, Holland & Hart LLP, Cheyenne, Wyoming. Argument by Ms. Schlueter.

*Representing Appellee:*
> Bridget Hill, Wyoming Attorney General; Brandi Monger, Deputy Attorney General; Karl D. Anderson, Supervising Attorney General; Patrick Miller, Assistant Attorney General. Argument by Mr. Anderson.

*Before FOX, C.J., and KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**GRAY, Justice.**

[¶1]    Solvay Chemicals, Inc. (Solvay) appeals the Wyoming Department of Revenue's (Department) decision disallowing a deduction of bagging costs from the taxable value of its bagged soda ash.  The State Board of Equalization (Board) and the district court affirmed the Department's decision, holding that the statute limited Solvay's processing deductions to the industry factor, a formulaic deduction, set out in Wyo. Stat. Ann. § 39-14-303(b)(ii).  Solvay contends the Department's interpretation of the statute is erroneous and contrary to the plain language of Wyo. Stat. Ann. § 39-14-303(b)(iv).  We affirm the Board's decision.

## ISSUE

[¶2]    Did the State Board of Equalization misinterpret and misapply Wyo. Stat. Ann. § 39-14-303(b) when it determined the cost of bagging soda ash is not a separately deductible expense?

## FACTS

[¶3]    The parties have stipulated to the relevant facts.  Solvay mines trona from an underground mine in Sweetwater County.  Much of the trona ore is processed into soda ash at a plant adjacent to the mine.  Solvay sells soda ash in two forms.  The majority is sold in bulk while a minor portion is bagged and sold in smaller quantities.  Solvay sells bagged soda ash for a higher price than the bulk product due to the costs of bagging.

[¶4]    Wyoming's trona tax statute provides an industry-wide standard deduction when calculating the taxable value of trona processed into soda ash.  Wyo. Stat. Ann. § 39-14-303(b).  This deduction or "industry factor" test was adopted in 1989 "to standardize the deductions for all trona companies and simplify what had been complicated calculations [of processing costs associated with converting trona to soda ash] by the producers, the [Department of Audit], and the [Department of Revenue]." *Solvay Chemicals, Inc. v. Dep't of Revenue*, 2018 WY 124, ¶ 7, 430 P.3d 295, 298 (Wyo. 2018) (*Solvay I*); 1989 Wyo. Sess. Laws 284–85.  Prior to 2003, the statute required the industry factor to be calculated every two years.  1998 Wyo. Sess. Laws 128–29.  In 2003, the legislature adopted a permanent industry factor of 32.5%.  2003 Wyo. Sess. Laws 42.

[¶5]    In 2013–2015, Solvay applied the industry factor to its soda ash production and in addition deducted its soda ash bagging costs.  The Department determined Wyo. Stat. Ann. § 39-14-303(b) did not entitle Solvay to a separate deduction for bagging costs because these costs were included in the "industry factor."  Solvay appealed the decision to the Board.[1]

---

[1] This is not the first time this issue has been litigated.  In *Solvay I*,

1

[¶6]     The Board concluded § 39-14-303(b) was ambiguous.  After reviewing the history of the statute and the adoption of a standardized deduction for processing trona into soda ash, it issued its order affirming the Department's decision.  The Board determined that the industry factor was intended to include all costs related to the sale of soda ash prior to shipment and no additional deduction could be taken for those costs, including the expense of bagging the product.  Solvay appealed to the district court.  The district court determined the statute was unambiguous but affirmed the Board's decision.

## *STANDARD OF REVIEW*

[¶7]     Judicial review of administrative decisions is governed by Wyo. Stat. Ann. § 16-3-114(c).  We will uphold the Board's findings of fact if they are supported by substantial evidence in the record.  *Chevron U.S.A., Inc. v. Dep't of Revenue*, 2007 WY 79, ¶ 9, 158 P.3d 131, 134 (Wyo. 2007).  Statutory interpretation is a question of law subject to de novo review.  *Camacho v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2019 WY 92, ¶ 17, 448 P.3d 834, 840–41 (Wyo. 2019) (quoting *State, ex. rel., Wyoming Workers' Safety & Comp. Div. v. Smith*, 2013 WY 26, ¶ 9, 296 P.3d 939, 941–42 (Wyo. 2013)).  "We review an agency's conclusions of law *de novo* and affirm when they are in accordance with the law."  *Delcon Partners LLC v. Wyoming Dep't of Revenue*, 2019 WY 106, ¶ 7, 450 P.3d 682, 684 (Wyo. 2019) (quoting *Wyodak Res. Dev. Corp. v. Wyoming Dep't of Revenue*, 2017 WY 6, ¶ 15, 387 P.3d 725, 730 (Wyo. 2017)).  "We do not afford any deference to an agency's determination on a question of law and will correct any errors made in interpreting or applying the law."  *Id.* (citing *Camacho*, ¶ 17, 448 P.3d at 840–41).

[¶8]     Our goal in interpreting statutes "is to give effect to the intent of the legislature, and we 'attempt to determine the legislature's intent based primarily on the plain and ordinary

---

[Solvay] appealed the Department of Revenue's (DOR) assessment of the taxable value of soda ash produced at its Sweetwater County trona mine to the Wyoming Board of Equalization (Board).  Solvay disputed the calculations the DOR used to determine the amount of the deduction for bagging some of the soda.  After the contested case hearing, the Board requested supplemental briefs to address a question of statutory construction that had not been raised by either party, and the Board ultimately decided that the issue was not the amount Solvay was entitled to deduct for bagging costs, but rather, whether it was entitled to any bagging deduction at all.  The Board concluded that the issue disputed by the parties throughout the proceeding was moot, reasoning that the governing statute did not allow for a separate deduction for bagging.  We decline[d] the parties' request [to] decide the issue of statutory interpretation as it applie[d] to bagging cost deductions, because we f[ound] that the Board exceeded its authority when it decided an issue that was not before it.

*Solvay I*, ¶ 1, 430 P.3d at 296–97.

meaning of the words used in the statute.'" *Fugle v. Sublette Cnty. Sch. Dist. No. 9*, 2015 WY 98, ¶ 8, 353 P.3d 732, 734 (Wyo. 2015) (quoting *Stroth v. N. Lincoln Cnty. Hosp. Dist.*, 2014 WY 81, ¶ 7, 327 P.3d 121, 125 (Wyo. 2014)). "The paramount consideration is to determine the legislature's intent, which must be ascertained initially and primarily from the words used in the statute." *RME Petroleum Co. v. Wyoming Dep't of Revenue*, 2007 WY 16, ¶ 25, 150 P.3d 673, 683 (Wyo. 2007) (citing *State ex. rel. Wyoming Dep't of Revenue v. Union Pac. R.R. Co.*, 2003 WY 54, ¶ 12, 67 P.3d 1176, 1182 (Wyo. 2003)). "Where legislative intent is discernible a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.'" *Adekale v. State*, 2015 WY 30, ¶ 12, 344 P.3d 761, 765 (Wyo. 2015) (quoting *Rodriguez v. Casey*, 2002 WY 111, ¶ 20, 50 P.3d 323, 329 (Wyo. 2002)). "We therefore construe each statutory provision *in pari materia*, giving effect to every word, clause, and sentence according to their arrangement and connection." *PacifiCorp, Inc. v. Dep't of Revenue, State*, 2017 WY 106, ¶ 10, 401 P.3d 905, 908 (Wyo. 2017) (quoting *Nicodemus v. Lampert*, 2014 WY 135, ¶ 13, 336 P.3d 671, 674 (Wyo. 2014) ("To ascertain the meaning of a given law, we also consider all statutes relating to the same subject or having the same general purpose and strive to interpret them harmoniously.").

## DISCUSSION

[¶9]   Whether Solvay is entitled to deduct bagging costs from the taxable value of soda ash turns on the construction of Wyo. Stat. Ann. § 39-14-303, which controls the taxation of trona production.  While the Board found Wyo. Stat. Ann. § 39-14-303(b) ambiguous, on appeal both Solvay and the Department assert the statute is unambiguous but reach different conclusions as to its plain meaning.

[¶10]  We begin, as we must, with the language of the statute.  Wyo. Stat. Ann. § 39-14-303 provides:

> (a)   Taxable event.  The following shall apply:
>
> (i)   There is levied a severance tax on the value of the gross product for the privilege of severing or extracting trona, in the state.  The severance tax imposed by this article may be in addition to other taxes, including but not limited to the ad valorem taxes imposed by W.S. 39-13-104.
>
> (b)   Basis of tax (valuation).  The following shall apply:
>
> (i)   Trona shall be valued for taxation as provided in this section;

3

(ii)     The department shall calculate the value of trona ore for severance and ad valorem tax purposes by using the individual producer's fair market value of soda ash f.o.b. plant multiplied by the industry factor divided by the individual producer's trona to soda ash ratio less exempt royalties.  The industry factor shall be thirty-two and five-tenths percent (32.5%);

(iii)     The value of the gross product shall be the fair market value of the product at the mouth of the mine where produced, after the mining or production process is completed;

(iv)     *Except as otherwise provided*, the mining or production process is deemed completed when the mineral product reaches the mouth of the mine.  In no event shall the value of the mineral product include any processing functions or operations regardless of where the processing is performed;

(v)     *Except as otherwise provided*, if the product as defined in paragraph (iv) of this subsection is sold at the mouth of the mine, the fair market value shall be deemed to be the price established by bona fide arms-length sale;

(vi)     When the taxpayer and department jointly agree that the application of the methods listed in paragraphs (i) through (v) of this subsection does not produce a representative fair market value for the product, a mutually acceptable alternative method may be applied.  Not later than October 1 of each year, the department shall report to the joint minerals, business and economic development interim committee and the joint revenue interim committee on any action taken under this paragraph.

Wyo. Stat. Ann. § 39-14-303(a)–(b) (LexisNexis 2021) (emphasis added).  The parties do not dispute that subsection (b)(ii) provides the methodology to value soda ash.  They disagree on whether the calculation in subsection (b)(ii) produces a final taxable value or a pre-deduction value.

4

[¶11]   Solvay argues (b)(ii), the first step, produces a pre-deduction value for producing soda ash in bulk.   Because bagging occurs after the ore is processed into soda ash, subsections (b)(iii) and (iv) must then be applied to the pre-deduction value to arrive at a final taxable value.   According to Solvay, subsection (iii) is intended to confirm that the value derived in subsection (ii) matches the value of the product at the mouth of the mine, and subsection (iv) requires that all processing costs, including bagging costs, be removed from the taxable value of soda ash.   It claims the Department failed to apply this step when it rejected Solvay's bagging deduction.[2]

[¶12]   The Department contends the statute does not establish a single valuation method with multiple steps.   Rather, it provides different valuation methods for different products. It asserts that the unambiguous language of Wyo. Stat. Ann. § 39-14-303(b)(ii) addresses the taxable valuation of *trona ore converted into soda ash* and that subsections (iii) and (iv) address the fair market value of *other trona products*, such as the ore, not processed into soda ash.

[¶13]   We begin by determining whether Wyo. Stat. Ann. § 39-14-303(b) "is 'clear and unambiguous' or 'ambiguous or subject to varying interpretations.'"   *Sinclair Wyoming Ref. Co. v. Infrassure, Ltd*, 2021 WY 65, ¶ 12, 486 P.3d 990, 994 (Wyo. 2021) (citation omitted).   If the statute is unambiguous, we must give effect to the plain and ordinary meaning of the language used in the statute.   *Kennedy Oil v. Dep't of Revenue*, 2008 WY 154, ¶ 10, 205 P.3d 999, 1003 (Wyo. 2008) (quoting *RME*, ¶ 25, 150 P.3d at 683).   "A statute is clear and unambiguous if its wording is such that reasonable persons [can] agree [to] its meaning[.]"   *Id.* (quoting *RME*, ¶ 25, 150 P.3d at 683).   "If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute."   *Id.* (quoting *RME*, ¶ 25, 150 P.3d at 683).   "[D]ivergent opinions among parties as to the meaning of a statute may be evidence of ambiguity but [are] not conclusive.   Ultimately, whether a statute is ambiguous is a matter of law to be determined by the court."   *Wyoming Med. Ctr., Inc. v. Wyoming Ins. Guar. Ass'n*, 2010 WY 21, ¶ 19, 225 P.3d 1061, 1066 (Wyo. 2010) (quoting *Kennedy Oil*, ¶ 10, 205 P.3d at 1003).   We conclude the unambiguous language of Wyo. Stat. Ann. § 39-14-303(b) supports the Department's interpretation.

[¶14]   Subsection (b)(ii) provides "[t]he department *shall* calculate the *value of trona ore for severance and ad valorem tax purposes by* using the individual producer's fair market value of soda ash f.o.b. plant multiplied by the industry factor divided by the individual producer's trona to soda ash ratio less exempt royalties."   Wyo. Stat. Ann. § 39-14-303(b)(ii) (emphasis added).   To arrive at this value, the fair market value or sales price of soda ash f.o.b. plant is first multiplied by the industry factor of 32.5% providing a standardized processing expense deduction of 67.5%.   *Id.*   Then the fair market value net

---

[2] Asserting they are not relevant to this appeal, Solvay does not address subsections (v) and (vi).

of processing costs is divided by the trona to soda ash ratio, removing trona not converted to soda ash from the taxable outcome. *Id.*

[¶15]  This subsection sets forth a complete valuation method for trona converted into soda ash.  Nonetheless, Solvay argues that the Department must take further action.  It proposes that subsection (iii)—the next step in the single method approach—"requires the Department to confirm the value of the product [in subsection (ii)] matches the [subsection (iii)] value [of the gross product] at the mouth of the mine[.]"  We are not entirely clear what subsection (ii) product Solvay claims must be confirmed by subsection (iii), "the value of trona ore for severance and ad valorem tax purposes" or the "fair market value of soda ash f.o.b. plant."  We review both.

[¶16]  We look first at the "fair market value of soda ash f.o.b. plant."  Subsection (ii) establishes the point of valuation for soda ash (a factor in the calculation in arriving at value of trona ore for severance and ad valorem tax purposes) as "fair market value of soda ash f.o.b. plant."  Wyo. Stat. Ann. § 39-14-303(b)(ii).  Subsection (b)(iii) establishes the point of valuation for the gross product as the fair market value of the product at the mouth of the mine where produced.  Wyo. Stat. Ann. § 39-14-303(b)(iii).  The statute does not define "f.o.b. plant."  *See* Wyo. Stat. Ann. § 39-14-303.  In such a case, we look to common dictionary definitions for guidance.  *See Wyodak*, ¶ 31, 387 P.3d at 733 ("'Pit' is not defined by statute or the Department's rules, so the Board appropriately looked to common dictionary definitions of the word 'pit' in the context of mining[.]").  Black's Law Dictionary defines "f.o.b." as the abbreviation of "free on board," a commercial term generally indicating the seller assumes all responsibilities and costs *up to the point of delivery for transportation. Free on Board*, Black's Law Dictionary (11th ed. 2019).  Wyo. Stat. Ann. § 39-14-301(vi) defines mouth of the mine as the "point at which a mineral is brought to the surface of the ground and is taken out of the pit, shaft or portal.  These points of valuation are plainly distinguished from each other by the use of specific disparate terms.  Nothing in the language of subsection (ii) directs corroboration of its calculation factors or the calculation result.  No language in subsection (iii) instructs that the "value of the [gross] product at the mouth of the mine" be used to confirm any factor or result in subsection (ii).  *See Merrill v. Jansma*, 2004 WY 26, ¶ 29, 86 P.3d 270, 285 (Wyo. 2004) (citing *Mathewson v. City of Cheyenne*, 2003 WY 10, ¶ 9, 61 P.3d 1229, 1233 (Wyo. 2003) ("[O]mission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them.")).  Subsection (iii) is not a check for subsection (ii).

[¶17] Next, we examine "the value of trona ore for severance and ad valorem tax purposes" and "value of the gross product" as comparators.  "[T]he value of trona ore for severance and ad valorem tax purposes" is arrived at by deducting processing costs from the fair market value of trona f.o.b. plant (the point of valuation).  Again, this value is arrived at by applying the statutory calculation (the fair market value of trona f.o.b. plant and multiplied by the industry factor, divided by the individual producer's trona to soda

6

ash ratio less exempt royalties). The point of valuation for the gross product in subsection (iii) is the fair market at the mouth of the mine.[3] Wyo. Stat. Ann. § 39-14-303(b)(iii). The calculation in subsection (ii) is not applied. Subsection (iii) does not employ the industry factor. However, when read in conjunction with subsection (iv) discussed below, it is clearly a value devoid of processing costs. It is improbable that the disparate valuation points in subsections (ii) and (iii) would yield comparable results. "[W]e will not interpret a statute in a way that renders any portion meaningless or in a manner producing absurd results." *Delcon*, ¶ 11, 450 P.3d at 686 (quoting *City of Casper v. Holloway*, 2015 WY 93, ¶ 20, 354 P.3d 65, 71 (Wyo. 2015)); *see also State, Dep't of Corr. v. Watts*, 2008 WY 19, ¶ 23, 177 P.3d 793, 799 (Wyo. 2008) ("We construe a statutory provision to harmonize it with other provisions relating to the same subject matter."). Subsections (ii) and (iii) address different and irreconcilable valuations.

[¶18] Turning to subsection (iv), the statute specifies "*Except as otherwise provided*, the mining or production process is deemed completed when the mineral product reaches the mouth of the mine. In no event shall the value of the mineral product include any processing functions or operations regardless of where the processing is performed[.]" Wyo. Stat. Ann. § 39-14-303(b)(iv) (emphasis added). Solvay argues that bagging is a deductible processing expense under subsection (b)(iv), and to deny the deduction renders the language in subsection (b)(iv) meaningless. The phrase, "except as otherwise provided," indicates that the provisions of this subsection are to be applied when another subsection is not in play. Subsection (iv) addresses a matter already covered in paragraph (ii)—processing deductions. As we have said, subsection (ii) accounts for processing expenses through its application of the industry factor. Although Solvay correctly argues that subsection (ii) does not specifically refer to bagging expenses—"[t]he valuation statute, in total, does not envision a customized processing deduction on a per-taxpayer basis (like coal, oil, or gas under the 'proportionate profits' method); it establishes a standard deduction for all 'processing' costs incurred through the point of shipment." However, the industry factor is not intended as a dollar-for-dollar reduction of costs but is intended as a proxy for industry-wide costs.[4] None of the costs captured by the industry

---

[3] In *Williams Production RMT*, we state:

> Determining the point of valuation is of particular significance because "expenses incurred by the producer prior to the point of valuation are not deductible in determining . . . fair market value of the [mineral.]" Thus, because certain expenses "downstream" of the point of valuation *are* deductible, it is to the producer's benefit to have the point of valuation determined "upstream" as far as possible.

*Williams Prod. RMT Co. v. State Dep't of Revenue*, 2005 WY 28, ¶ 10, 107 P.3d 179, 183–84 (Wyo. 2005) (citation omitted).

[4] This interpretation conforms with the Department's 2006 rule which defines the scope of the industry factor as:

> Total direct costs per ton shall include direct mining costs . . . trona and/or soda ash transportation from the mouth of the mine to the point of shipment; **and any other direct**

7

factor are specifically identified. Subsection (iv), like subsection (iii), applies to trona ore not processed into soda ash. Read together, subsections (iii) and (iv) establish that the taxable value of trona ore not converted to soda ash equals the fair market value of trona at the mouth of the mine minus all processing costs.

[¶19] While Solvay does not address subsections (v) and (vi), those subsections confirm our interpretation. Subsection (v) requires that *except as otherwise provided*, fair market value at the mouth of the mine be established by a bona fide arms-length transaction. Wyo. Stat. Ann. § 39-14-303(b)(v). Soda ash is not sold at the mouth of the mine. Therefore, subsection (v) is inapplicable to soda ash. Subsection (vi) provides an alternative valuation method when the Department and taxpayer "jointly agree that the application of the *methods* listed in paragraphs (i) through (v) of this subsection does not produce a representative fair market value for the product[.]" Wyo. Stat. Ann. § 39-14-303(b)(vi) (emphasis added). While subsection (vi) allows the Department and the taxpayer the flexibility to choose an alternate (and additional) valuation method in limited circumstances, its importance to this discussion is its recognition that the preceding subsections contain *multiple methods* of valuation.

[¶20] Reading the statute *in pari materia*, we conclude that Wyo. Stat. Ann. § 39-14-303(b) is unambiguous. Subsection (ii) establishes the taxable value of trona converted into soda ash. Subsection (iii) designates the point of valuation at the mouth of the mine for trona ore not converted into soda ash, and subsection (iv) provides for the deduction of processing costs from trona ore not converted to soda ash. Because the application of the industry standard in subsection (ii) accounts for processing costs, the Department correctly determined that Solvay may not take an additional itemized packaging deduction.

[¶21] We affirm the Board's decision that Solvay's bagging costs are included in the industry factor applied in Wyo. Stat. Ann. § 39-14-303(b)(ii).

---

**costs incurred which are specifically attributable to the mining, processing or transportation of trona and/or soda ash up to and including the point of shipment to market**.

Rules, Wyo. Dep't of Revenue, ch. 6, § 9a(f) (2006) (emphasis added). These properly promulgated rules had the force and effect of law. *Fullmer v. Wyoming Emp. Sec. Comm'n*, 858 P.2d 1122, 1123–24 (Wyo. 1993) (citations omitted).