# IN THE SUPREME COURT, STATE OF WYOMING

## 2025 WY 67___

**APRIL TERM, A.D. 2025**

**June 18, 2025**

CLIFFORD C. BAIN,

Petitioner,

v.

CITY OF CHEYENNE, a municipality;
and EDWARD BROOKMAN, an
individual,

Respondents.

S-24-0225

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Laramie County*
*The Honorable Steven K. Sharpe, Judge*

*Representing Petitioner:*
 Larry B. Jones, Colin M. Simpson, Burg Simpson Eldredge Hersh and Jardine, P.C.,
 Cody, Wyoming. Argument by Mr. Jones.

*Representing Respondents:*
 J. Mark Stewart, Catherine M. Young, Davis & Cannon, LLP, Cheyenne,
 Wyoming. Argument by Mr. Stewart.

*Representing Bridget Hill in her Official Capacity as Attorney General for the State of
Wyoming:*
 Bridget Hill, Wyoming Attorney General; Mark A. Klaassen, Deputy Attorney
 General; Timothy W. Miller, Senior Assistant Attorney General; Prentice B. Olive,
 Assistant Attorney General. Argument by Mr. Klaassen.

*Before BOOMGAARDEN, C.J., and FOX\*, GRAY, FENN, and JAROSH, JJ.*

*\* Justice Fox retired from judicial office effective May 27, 2025, and, pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (2023), she was reassigned to act on this matter on May 28, 2025.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**JAROSH**, **Justice**.

[¶1]    Clifford Bain was seriously injured when a bus owned and operated by the City of Cheyenne (City) collided with him while he was operating his motorcycle.    He subsequently filed a complaint against the bus driver and the City pursuant to the Wyoming Governmental Claims Act (WGCA), Wyo. Stat. §§ 1-39-101 (2023).  The bus driver and the City admitted liability, but asserted they were immune from any liability exceeding $250,000 under the WGCA, citing § 1-39-118(a)(i).  Mr. Bain then filed a motion for partial summary judgment, claiming the limitation in § 1-39-118(a)(i) is unconstitutional under Article 10, § 4(a) of the Wyoming Constitution.  The district court disagreed and denied Mr. Bain's motion, declaring § 1-39-118(a)(i) constitutional.  Mr. Bain filed a petition for writ of review with this Court, which we granted.  We conclude the limitation in § 1-39-118(a)(i) is not a limitation on damages, but rather a limitation on the waiver of immunity under the WGCA, and therefore does not violate Article 10, § 4(a) of the Wyoming Constitution.  As a result, we affirm.

## ISSUE

[¶2]    Mr. Bain asserts a single issue,[1] which we rephrase as follows:

> Does Wyo. Stat. Ann. § 1-39-118(a)(i) violate Article 10, § 4(a) of the Wyoming Constitution?

## FACTS

[¶3]    On November 5, 2021, a Cheyenne City Transit bus driven by Edward Brookman hit Mr. Bain, who was driving his motorcycle.  Mr. Bain suffered extensive and permanent injuries as a result of the collision.  On September 25, 2023, Mr. Bain submitted a governmental claim to the City pursuant to the WGCA.  On January 19, 2024, he filed a complaint against Mr. Brookman and the City, seeking to recover damages for his injuries from the crash.  Mr. Brookman and the City admitted liability and sought to interplead all potential claimants and deposit $250,000 with the clerk of court, alleging that amount reflected the maximum potential liability for a single occurrence under the WGCA as provided by § 1-39-118(a)(i).

[¶4]    On April 12, 2024, Mr. Bain filed a motion for partial summary judgment asking the district court to find § 1-39-118(a)(i)'s "limitation on damages" unconstitutional under Article 10, § 4(a) of the Wyoming Constitution.  After a hearing, the district court denied

---

[1] In his petition for writ of review, Mr. Bain also presented an issue as to whether § 1-39-118(a)(i) violates the equal protection provisions of the Wyoming Constitution.  However, Mr. Bain withdrew the issue in his opening brief to this Court.

1

the motion for partial summary judgment and held § 1-39-118(a)(i) is not a limitation on damages prohibited by Article 10, § 4(a).

[¶5]   Mr. Bain filed a petition for writ of review on August 26, 2024, which this Court granted.

## STANDARD OF REVIEW

[¶6]   This Court reviews a district court's summary judgment order de novo, affording no deference to the district court's ruling. *Sorensen v. Halling,* 2025 WY 8, ¶ 6, 561 P.3d 1241, 1244 (Wyo. 2025) (citing *Sellers v. Claudson*, 2024 WY 69, ¶ 10, 550 P.3d 559, 564-65 (Wyo. 2024)).  We review it in the "same light as the district court, using the same materials and following the same standards," and we may affirm a summary judgment order on any basis in the record. *Id.*  (citing *Loepp v. Ford*, 2024 WY 63, ¶ 24, 550 P.3d 96, 104 (Wyo. 2024)).

[¶7]   The district court's summary judgment order in this case resolved a challenge to the constitutionality of a Wyoming statute.  The constitutionality of a statute is a question of law, which we also review de novo. *City of Laramie v. Univ. of Wyo.*, 2024 WY 13, ¶ 17, 542 P.3d 607, 614 (Wyo. 2024) (citation modified).

## DISCUSSION

[¶8]   While governmental immunity traces its roots to common law, the Wyoming Supreme Court abrogated local governmental immunity in 1978 in *Oroz v. Bd. of Cnty. Comm'rs,* 575 P.2d 1155 (1978).  In response, "the legislative and executive branches of government then enacted and signed into law the [WGCA,] which reestablished the tort immunity of a 'governmental entity' subject to certain enumerated exceptions." *Emulsified Asphalt, Inc. v. Transp. Comm'n of Wyo.*, 970 P.2d 858, 862 (Wyo. 1998); *see* Wyo. Stat. Ann. §§ 1-39-101 (LexisNexis 2023).  Significantly, the legislature stated its purpose for enacting the WGCA in the statute:

> (a) The Wyoming legislature recognizes the inherently unfair and inequitable results which occur in the strict application of the doctrine of governmental immunity and is cognizant of the Wyoming Supreme Court decision of *Oroz v. Board of County Commissioners,* 575 P.2d 1155 (1978). It is further recognized that the state and its political subdivisions as trustees of public revenues are constituted to serve the inhabitants of the state of Wyoming and furnish certain services not available through private parties and, in the case of the state, state revenues may only be expended upon legislative appropriation. This act is adopted by the legislature

2

to balance the respective equities between persons injured by governmental actions and the taxpayers of the state of Wyoming whose revenues are utilized by governmental entities on behalf of those taxpayers. This act is intended to retain any common law defenses which a defendant may have by virtue of decisions from this or other jurisdictions.

Wyo. Stat. Ann. § 1-39-102.

[¶9]    The WGCA memorialized that generally the government is immune from lawsuits, but acknowledged that "fairness require[d] authorizing lawsuits against a governmental entity in certain statutorily defined situations." *Campbell Cnty. Mem'l Hosp. v. Pfeifle,* 2014 WY 3, ¶ 19, 317 P.3d 573, 578 (Wyo. 2014). Accordingly, the WGCA creates specific, limited exceptions to governmental immunity, allowing individuals to bring claims against the state and its local governments under certain conditions. *Id.* Under the WGCA, state and local governments—including counties, cities, and school districts—are largely immune from liability, but may be held accountable for certain types of tortious conduct, including negligence, if the claim fits within the statute's defined waivers. Wyo. Stat. Ann. §§ 1-39-103 (i) and (ii) and -104(a). Specifically, "[a] governmental entity and its public employees while acting within the scope of duties are granted immunity from liability for any tort except as provided by W.S. §§ 1-39-105 through 1-39-112." Wyo. Stat. Ann. § 1-39-104(a). Under the WGCA, immunity is the rule, and liability is the exception. *Wyo. State Hosp. v. Romine,* 2021 WY 47, ¶ 11, 483 P.3d 840, 844 (Wyo. 2021) (quoting *Vigil v. Ruettgers,* 887 P.2d 521, 524 (Wyo. 1994)). In addition, "[t]here can be no doubt that the language of the [WGCA] unambiguously expresses the intention to grant immunity in all but very limited circumstances." *Diamond Surface, Inc. v. Cleveland*, 963 P.2d 996, 1000-01 (Wyo. 1998).

[¶10]  Section 1-39-118 of the WGCA states in relevant part:

> (a) Except as provided in subsection (b) of this section, in any action under this act, the liability of the governmental entity, including a public employee while acting within the scope of his duties, shall not exceed:
> (i)    The sum of two hundred fifty thousand dollars ($250,000.00) to any claimant for any number of claims arising out of a single transaction or occurrence[.]

[¶11]  Mr. Bain claims this provision in the WGCA is a limitation on damages that violates Article 10, § 4(a) of the Wyoming Constitution, which states in relevant part, "(a) No law shall be enacted limiting the amount of damages to be recovered for causing the injury or death of any person." In doing so, Mr. Bain asserts Article 10, § 4(a) is clear and unambiguous. We agree with Mr. Bain that this provision of the Wyoming Constitution is

3

clear and unambiguous—the legislature is prohibited from enacting laws limiting damages in cases involving claims for personal injury and death. However, the real question in this case is not what Article 10, § 4(a) means, but what § 1-39-118(a)(i) means. This is a question Mr. Bain largely avoids. For the reasons stated below, we conclude § 1-39-118(a)(i) is a limitation on the waiver of immunity outlined in the WGCA and not a limitation on damages in violation of Article 10, § 4(a).

[¶12] When we interpret statutes, our goal is to give effect to the intent of the legislature. We first "attempt to determine the legislature's intent based primarily on the plain and ordinary meaning of the words used in the statute." *Gates v. Mem'l Hosp. of Converse Cnty.,* 2023 WY 77, ¶ 15, 533 P.3d 493, 499 (Wyo. 2023) (quoting *Solvay Chemicals, Inc. v. Wyo. Dep't of Revenue*, 2022 WY 124, ¶ 8, 517 P.3d 1146, 1149 (Wyo. 2022)). "Where legislative intent is discernible, a court should give effect to the 'most likely, most reasonable, interpretation of the statute, given its design and purpose.'" *Id.* This Court considers "all statutes relating to the same subject or having some general purpose in pari materia." *Wyo. Guardianship Corp. v. Wyo. State Hosp.,* 2018 WY 114, ¶ 12, 428 P.3d 424, 431 (Wyo. 2018) (quoting *Redco Constr. v. Profile Prop., LLC,* 2012 WY 24, ¶ 26, 271 P.3d 408, 415-16 (Wyo. 2012)). In doing so, we "construe the statutes of the [WGCA] together … giv[ing] effect to every word, clause, and sentence." *Id.*

[¶13] When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to rules of statutory construction. *State ex rel. Wyo. Dept. of Revenue v. Hanover Compression, LP*, 2008 WY 138, ¶ 8, 196 P.3d 781, 784 (citing *Wyo. Bd. of Outfitters and Prof'l Guides v. Clark*, 2001 WY 78, ¶ 12, 30 P.3d 36, 41 (Wyo. 2001); *Murphy v. State Canvassing Bd.*, 12 P.3d 677, 679 (Wyo. 2000)). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. *Id.* (citing *Billis v. State*, 800 P.2d 401, 413 (Wyo. 1990) (other citations omitted)).

[¶14] As the party challenging the constitutionality of the statute, Mr. Bain bears the heavy burden of "clearly and exactly" showing the statute is unconstitutional. *City of Laramie,* ¶ 17, 542 P.3d at 614 (citing *Michael v. Hertzler*, 900 P.2d 1144, 1146 (Wyo. 1995)).

[¶15] With regard to the WGCA, this Court has said that we "will not expand the waiver of immunity to include matters not expressly stated by the legislature." *State v. Watts,* 2008 WY 19, ¶ 23, 177 P.3d 793, 799 (Wyo. 2008). The provisions of the WGCA are designed to work together to achieve its clear legislative purpose—"to retain the *common law principle that a governmental entity is generally immune from lawsuits*, while acknowledging that fairness requires *authorizing lawsuits* against a governmental entity in certain statutorily defined situations." *Romine,* ¶ 14, 483 P.3d at 845 (quoting *Pfeifle,* ¶ 19, 317 P.3d at 579) (emphasis in original); *see also Watts*, ¶ 23, 177 P.3d at 799 ("[Courts] construe a statutory provision to harmonize it with other provisions relating to the same subject matter.").

4

[¶16]   Again, we first aim to discern the legislature's intent based on the plain meaning of the words used in a statute.  Section 118(a)(i) states the "liability" of governmental entities and public employees shall not exceed $250,000.  "Liability" is not defined in the WGCA. As a result, we look to the "ordinary and obvious meaning of the term."  *Watts*, ¶ 21, 177 P.3d at 799.  In *Memorial Hospital of Sweetwater Cnty. v. Menapace,* 2017 WY 131, ¶ 18, 404 P.3d 1179, 1184 (Wyo. 2017), we recognized the following definitions:

> "Liable" means "responsible." *Bostick v. Usry*, 221 Ga. 647, 146 S.E.2d 882 (1966); *Thorgaard Plumbing & Heating Co. v. County of King*, 71 Wash.2d 126, 426 P.2d 828 (1967); *Penn v. Commercial Union Fire Insurance Company of New York*, 233 Miss. 178, 101 So.2d 535 (1958); *Holmes v. Blue Bird Cab*, 227 N.C. 581, 43 S.E.2d 71 (1947).

> " * * * 'Liability' is defined by Black's Law Dictionary to be 'the state of being bound or obliged in law or justice to do, pay, or make good something; legal responsibility.' Webster defines it to be 'the state of being bound or obliged in law or justice; responsibility.' Bouvier defines it to be 'responsibility; the state of one who is bound in law and justice to do something which may be enforced by action.' * * * " *Benge's Adm'r v. Bowling*, 106 Ky. 575, 51 S.W. 151 (1899).

(quoting *Wyo. Bank and Trust Co. v. Waugh*, 606 P.2d 725, 730 (Wyo. 1980)); *see also* Black's Law Dictionary 1097 (11th ed. 2019) ("Liability" is "the quality, state, or condition of being legally obligated or accountable; legal responsibility to another or to society, enforceable by a civil remedy or criminal punishment.").

[¶17]   Using these definitions of "liability" then, it is clear that § 118(a)(i) is a limitation on the legal responsibility or obligation of governmental entities.  When read together with § 104, § 118(a)(i) serves to define the extent to which governmental immunity is waived. It is not a limitation on damages.  Thus, while Mr. Bain asserts that § 118(a)(i) "purports to place limitation on any award of damages that might arise under the WGCA," the plain language of the statute and the ordinary and obvious meaning of the words used demonstrates otherwise.

[¶18]   This conclusion keeps with our prior command that we will not interpret a statute "to create an unconstitutional result if it can be avoided."  *Cir. Ct. of Eighth Judicial Dist. v. Lee Newspapers*, 2014 WY 101 ¶ 27, 332 P.3d 523, 532 (Wyo. 2014)).  "Statutes are presumed to be constitutional, and we will resolve any doubt in favor of constitutionality."  *City of Laramie,* ¶ 17, 542 P.3d at 614 (citation omitted).

5

[¶19]   In addition, it is consistent with the remainder of the WGCA.  First, it is consistent with the express purposes of the WGCA as stated in § 1-39-102(a)—balancing the respective equities between persons injured by governmental actions and the taxpayers whose revenues are utilized by governmental entities on behalf of those taxpayers.  It is also consistent with the manner in which the statutory exceptions to immunity are delineated in the WGCA.  Specifically, in § 1-39-104 the legislature "granted immunity from liability for any tort except as provided by W.S. 1-39-105 through 1-39-112." Sections 105 through 112 then carefully define a governmental entity's liability in particular areas of governmental operations, demonstrating the legislature's intent to limit liability to only those operations.  In short, reading the various provisions of the WGCA as a whole, it is clear the legislature intended to waive governmental immunity only in a limited number of circumstances and only up to a limited dollar amount.  *See Millward v. Bd. of Cnty. Comm'rs of Teton Cnty., Wyo.,* No. 17-CV-117-SWS, 2018 WL 9371676, *5 (D. Wyo. Aug 21, 2018) (Order Den. Pl's Mot. For Summ. J.) (concluding § 118(a) creates the upper monetary bounds on the legislature's partial waiver of governmental immunity and is not a limitation on recoverable damages that would violate Article 10 § 4(a)).

[¶20]   Mr. Bain's interpretation would "effectively require any waiver of governmental immunity to expose the governmental entity to unchecked liability, potentially starving the public coffers."  *Id.* at *6.  This would be an untenable result.  Moreover, if the legislature has the power to limit the waiver of governmental immunity to those instances expressly set forth in §§ 105-112, "it is illogical and destroys the balance sought by the WGCA to hold that the state legislature cannot also limit its waiver of governmental immunity to reasonable dollar amounts."  *Id.*[2]

[¶21]   Finally, it is worth noting that we have been down a similar road before.  In *Troyer,* this Court addressed whether the WGCA's bar against certain types of tort actions violated

---

[2] Mr. Bain does not challenge the constitutionality of § 118(a)(i) under Article 1, § 8 of the Wyoming Constitution, which states, "All courts shall be open and every person for an injury done to person, reputation or property shall have justice administered without sale, denial or delay.  Suits may be brought against the state in such manner and in such courts as the legislature may be law direct."  However, in briefing Mr. Bain asserts the second sentence of Article 1, § 8 "brings to mind procedure and method, not ultimate result."  This interpretation has been raised with this Court previously in a challenge to the constitutionality of the WGCA under Article 1, § 8, and our case law is clear that Article 1, § 8 is a delegation to the legislature of the power to regulate suits against the state.  In *Troyer v. Dep't Of Health and Soc. Servs., Div. of Vocational Rehab.,* 722 P.2d 158, 162 (Wyo. 1986), we rejected the argument that Article 1, § 8 "guarantees the right to sue the State subject only to certain procedural limitations."  We held instead that, "'the constitutional provision [ ] can hardly be construed as anything but a delegation to the legislature of the power to regulate the entire field and not an invitation to the courts to invade that domain.'" *Id.* (quoting *Worthington v. State*, 598 P.2d 796, 804 (Wyo. 1979)); *see also White v. State,* 784 P.2d 1313, 1317 (Wyo. 1989) ("We have long held that the second sentence of [Article 1, § 8] grants the legislature the power to determine the **extent** to which the State and its subdivisions are subject to suit.  For us to hold otherwise would be tantamount to holding the constitution unconstitutional.") (citations omitted) (emphasis added).

6

Article 10, § 4(a). *Troyer*, 722 P.2d at 165. There, Mr. Troyer asserted "the elimination of his cause of action amounts to a limitation on his damages because, if there is no cause of action, no damages will be recoverable." *Id.* at 163. Relying on this Court's prior decision in *Meyer v. Kendig*, 641 P.2d 1235 (Wyo. 1982), this Court construed the WGCA not as a limit on damages, but as defining the right to recovery, stating while Article 10, § 4(a) "may prevent . . . arbitrary limits on damages," "it does not prevent limitations on the types of actions which may be brought against the state." *Id.* at 163.

[¶22] In *Meyer*, this Court held a workers' compensation statute limiting the tort causes of action against a co-employee did not violate Article 10, § 4(a) because the statute addressed the right to recovery, i.e., liability, and therefore did not impose a limit on the amount of damages. 641 P.2d at 1239. This Court has also referred to the purchase of additional insurance as an increased waiver of immunity, not as an increase on recoverable damages. *See, e.g., Fugle v. Sublette Cnty. Sch. Dist. No. 9,* 2015 WY 98, ¶ 21, 353 P.3d 732, 739 (Wyo. 2015) ("We would also note that the legislature has provided governmental entities the option to secure liability insurance and, in such a case, immunity is waived to the extent of that insurance.") (citing § 1-39-118(b)(i)).

[¶23] The liability limitation in § 118(a)(i) is part of, and a limitation on, the Wyoming legislature's waiver of immunity, not a limitation on the amount of recoverable damages. Mr. Bain has not met his "heavy burden" of proving the unconstitutionality of the statute and has failed to show "clearly and exactly" how § 118(a)(i) violates Article 10, § 4(a) of the Wyoming Constitution. *City of Laramie*, ¶ 17, 542 P.3d at 614.

## CONCLUSION

[¶24] The district court correctly concluded § 1-39-118(a)(i) does not violate Article 10, § 4(a) of the Wyoming Constitution because it is not a limitation on damages but instead limits the scope of the waiver of governmental immunity in the WGCA. Accordingly, Mr. Bain has not met his burden of establishing § 1-39-118(a)(i) is unconstitutional.

[¶25] Affirmed.

7